CLOSED, STANDARD

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
## CIVIL DOCKET FOR CASE #: 2:05-cv-06273-PD

SMITH v. MBNA AMERICA BANK, N.A. et al        Date Filed: 12/05/2005
Assigned to: HONORABLE PAUL S. DIAMOND        Jury Demand: None
Cause: 42:2003 Job Discrimination             Nature of Suit: 442 Civil Rights: Jobs
                                              Jurisdiction: Federal Question

**Plaintiff**

**RUSSELL PAIGE SMITH**          represented by   **ADRIAN J. MOODY**
                                                  LAW OFFICES OF ADRIAN J.
                                                  MOODY, PC
                                                  1616 WALNUT STREET
                                                  SUITE 700
                                                  PHILADELPHIA, PA 19103
                                                  215-735-2400
                                                  Email: ajmoody@bellatlantic.net
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **STACY L. SHIELDS**
                                                  LAW OFFICES OF ADRIAN J.
                                                  MOODY, PC
                                                  1616 WALNUT ST.
                                                  SUITE 700
                                                  PHILADELPHIA, PA 19103
                                                  TEL 215-735-2400
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**MBNA AMERICA BANK, N.A.**       represented by   **SHELDON N. SANDLER**
*IS A FEDERALLY CHARTERED*                         YOUNG, CONAWAY, STARGATT &
*BANKING ASSOCIATION*                              TAYLOR
*HEADQUARTERED IN*                                 THE BRANDYWINE BLDG
*WILMINGTON, DELAWARE*                             1000 WEST STREET 17TH FLOOR
                                                   PO BOX 391
                                                   WILMINGTON, DE 19801
                                                   302-571-6673
                                                   Email: ssandler@ycst.com
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

**ROLIN BISSELL**
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
THE BRANDYWINE BLDG
1000 WEST STREET 17TH FLOOR
POBOX 391
WILMINGTON, PA 19899-0391
302-571-6673
Email: rbissell@ycst.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**WILLIAM CHRISTIE**                    represented by    **SHELDON N. SANDLER**
*INDIVIDUALLY AND IN HIS*                                (See above for address)
*PROFESSIONAL, SUPERVISORY*                              *LEAD ATTORNEY*
*CAPACITY AS SENIOR VICE*                                *ATTORNEY TO BE NOTICED*
*PRESIDENT OF DEFENDANT MBNA*
*BANK, TECHNOLOGICAL SECTOR*                             **ROLIN BISSELL**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**BRETT SMITH**                         represented by    **SHELDON N. SANDLER**
*INDIVIDUALLY AND IN HIS*                                (See above for address)
*PROFESSIONAL, SUPERVISORY*                              *LEAD ATTORNEY*
*CAPACITY AS SENIOR EXECUTIVE*                           *ATTORNEY TO BE NOTICED*
*VICE PRESIDENT OF DEFENDANT*
*MBNA BANK, TECHNOLOGICAL*                               **ROLIN BISSELL**
*SECTOR*                                                 (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**DAVE DIZIO**                          represented by    **SHELDON N. SANDLER**
*INDIVIDUALLY AND IN HIS*                                (See above for address)
*PROFESSIONAL, SUPERVISORY*                              *LEAD ATTORNEY*
*CAPACITY AS SENIOR VICE*                                *ATTORNEY TO BE NOTICED*
*PRESIDENT OF DEFENDANT MBNA*
*BANK, TECHNOLOGICAL SECTOR*                             **ROLIN BISSELL**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**JOHNNI CHURCHMAN**                    represented by    **SHELDON N. SANDLER**
*INDIVIDUALLY AND IN HER*                                (See above for address)
*PROFESSIONAL, SUPERVISORY*                              *LEAD ATTORNEY*
*CAPACITY AS EXECUTIVE VICE*                             *ATTORNEY TO BE NOTICED*
*PRESIDENT AND MANAGER OF*
*DEVELOPMENT OF DEFENDANT*                               **ROLIN BISSELL**
*MBNA BANK, TECHNOLOGICAL*                               (See above for address)
*SECTOR*                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

| | |
|---|---|
| **STEPHANIE SOER**<br>*INDIVIDUALLY AND IN HER*<br>*PROFESSIONAL, SUPERVISORY*<br>*CAPACITY AS SENIOR EXECUTIVE*<br>*VICE PRESIDENT OF DEFENDANT*<br>*MBNA BANK, TECHNOLOGICAL*<br>*SECTOR* | represented by **SHELDON N. SANDLER**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**ROLIN BISSELL**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 12/05/2005 | 1 | COMPLAINT against all defendants , filed by RUSSELL PAIGE SMITH.(tj, ) (Entered: 12/06/2005) |
| 12/05/2005 | | Summons Issued; 6 mailed to counsel 12/6/05 as to STEPHANIE SOER, MBNA AMERICA BANK, N.A., WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI CHURCHMAN. (tj, ) (Entered: 12/06/2005) |
| 12/07/2005 | | Filing fee: $ 250.00, receipt number 400 923872 (jpd, ) (Entered: 12/07/2005) |
| 12/29/2005 | 2 | Affidavit of Service of JOEL K. HAMBURG service of Summons and Complaint upon KAREN RALSON on behalf of DEFENDANTS STEPHANIE SOER, MBNA AMERICA BANK, N.A., WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI CHURCHMAN by Personal Service on 12/13/2005, answer due 1/3/2006. (jpd) (Entered: 12/29/2005) |
| 12/29/2005 | 3 | ANSWER to Complaint by STEPHANIE SOER, MBNA AMERICA BANK, N.A., WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI CHURCHMAN.(BISSELL, ROLIN) (Entered: 12/29/2005) |
| 12/29/2005 | 4 | Disclosure by all defendants.(BISSELL, ROLIN) (Entered: 12/29/2005) |
| 12/29/2005 | 5 | Application for Limited Admission *of Sheldon N. Sandler, Esquire* filed by STEPHANIE SOER, MBNA AMERICA BANK, N.A., WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI CHURCHMAN, Affidavit, Declaration, Certificate of Service. (BISSELL, ROLIN) Modified on 12/30/2005 (np). (Entered: 12/29/2005) |
| 01/04/2006 | 6 | ORDER THAT THE APPLICATION OF SHELDON N. SANDLER, ESQUIRE TO PRACTICE IN THIS COURT PURSUANT TO LOCAL RULE OF CIVIL PROCEDURE 83.5.2(b) IS GRANTED. SIGNED BY JUDGE PAUL S. DIAMOND ON 1/4/06. 1/4/06 ENTERED AND COPIES MAILED. (jpd) (Entered: 01/04/2006) |
| 01/18/2006 | 7 | NOTICE of Hearing:RULE 16 SCHEDULING CONFERENCE SET FOR 2/9/2006 09:30 AM IN JUDGE'S CHAMBERS BEFORE HONORABLE PAUL S. DIAMOND. (cj, ) (Entered: 01/18/2006) |

| 01/19/2006 | 8 | MOTION to Transfer filed by MBNA AMERICA BANK, N.A..Certificate of Service. (Attachments: # 1 Proposed Order) (SANDLER, SHELDON) (Entered: 01/19/2006) |
| 01/19/2006 | 9 | AFFIDAVIT in Support re 8 MOTION to Transfer filed by MBNA AMERICA BANK, N.A.. (SANDLER, SHELDON) (Entered: 01/19/2006) |
| 01/19/2006 | 10 | *Defendants Brief in Support of Their Motion to Transfer* filed by MBNA AMERICA BANK, N.A., Certificate of Service. (SANDLER, SHELDON) Modified on 1/23/2006 (np). (Entered: 01/19/2006) |
| 02/02/2006 | 11 | STIPULATION re 8 MOTION to Transfer *Case to Delaware* by MBNA AMERICA BANK, N.A.. (SANDLER, SHELDON) (FILED IN ERROR BY ATTORNEY; COPY FORWARDED TO JUDGE FOR APPROVAL) Modified on 2/3/2006 (np). (Entered: 02/02/2006) |
| 02/06/2006 | 12 | STIPULATION AND ORDER THAT THE CASE IS TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE. SIGNED BY JUDGE PAUL S. DIAMOND ON 2/6/06. 2/6/06 ENTERED AND COPIES MAILED. (jpd) (Entered: 02/06/2006) |
| 02/06/2006 | | Original record together with certified copy of docket entries forwarded to The United States District Court for the District of Delaware. (jpd) (Entered: 02/06/2006) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/09/2006 10:18:10 | | |
| **PACER Login:** | us4171 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:05-cv-06273-PD |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RUSSELL PAIGE SMITH** | : | |
| 1745 65th Avenue | : | |
| Philadelphia, Pa. 19126-3412 | : | |
| Plaintiff | : | CIVIL ACTION NO:_____ |
| | : | |
| v. | : | |
| | : | |
| **MBNA AMERICA BANK, N. A,** is a | : | |
| federally chartered banking association | : | |
| headquartered in Wilmington, | : | |
| Delaware, and having local offices at | : | |
| 1101 No. King Street | : | |
| Wilmington, Delaware 19801-3372 | : | |
| | : | |
| and | : | |
| | : | |
| **WILLIAM CHRISTIE**, Individually and | : | |
| in his Professional, Supervisory | : | |
| Capacity as Senior Vice President of | : | |
| Defendant MBNA Bank, Technological | : | |
| Sector, having offices located at | : | |
| P. O. Box 15021 | : | |
| Wilmington, Delaware 19850-0255 | : | |
| | : | |
| and | : | |
| | : | |
| **BRETT SMITH**, Individually and in his | : | |
| Professional, Supervisory capacity as | : | |
| Senior Executive Vice President of | : | |
| Defendant MBNA Bank, Technological | : | |
| Sector, having offices located at | : | |
| P. O. Box 15021 | : | |
| Wilmington, Delaware 19850-0255 | : | |
| | : | |
| and | : | |
| | : | |
| **DAVE DIZIO**, Individually and in his | : | |
| Professional, Supervisory capacity as | : | |
| Senior Vice President of Defendant | : | |
| MBNA Bank, Technological Sector | : | |
| having offices located at | : | |

1

P. O. Box 15021
Wilmington, Delaware 19850-0255

    and

**JOHNNI CHURCHMAN**, Individually
and in her Professional, Supervisory
Capacity as Executive Vice President
and Manager of Development of
Defendant MBNA Bank, Technological
Sector, having offices located at :
P. O. Box 15021
Wilmington, Delaware 19850-0255

    and

**STEPHANIE SOER**, Individually and
in her Professional, Supervisory
Capacity as Senior Executive Vice
President of Defendant MBNA Bank,
Technological Sector having offices
located at
P. O. Box 15021
Wilmington, Delaware 19850-0255
                Defendants

# COMPLAINT
## JURISDICTION, VENUE AND PARTIES

1.    Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§ 2000e, as amended by §1981a (hereinafter, "Title VII") 42 U. S. C. §1981, 42

U. S. C., §1981 and 42 U. S. C. §1988.  Jurisdiction is invoked pursuant to 28

U.S.C. §1331, §1332 and §1343.

2.    2.    Venue is proper in this judicial district pursuant to 28 U.S.C 1332 in that

Plaintiff is not a citizen of the State of the Named Defendants.

3.    3.    Plaintiff RUSSELL PAIGE SMITH is a Black adult male and a citizen of the

State of Pennsylvania residing at 1742 65th Avenue, Philadelphia, Pennsylvania 19126.

4.    4.    Defendant MBNA America Bank, N.A., (hereinafter "MBNA") is a federally chartered national banking association with headquarters located at 1100 North King Street, Wilmington, Delaware 19884.  Defendant MBNA operates,  oversees and staffs as part of its banking business a Technological Sector, which offices located at P. O. Box 15021, Wilmington, Delaware 19850-0255.

5.    Defendant WILLIAM CHRISTIE (hereinafter "CHRISTIE") is an adult white male and Senior Executive Vice President of Defendant MBNA and its Technological Sector.  Defendant CHRISTIE works for, on behalf of and in furtherance of the business interests of Defendant MBNA in a Senior Supervisory capacity, as a result of which Defendant MBNA is strictly liable for his acts and failures to act. At all times relevant hereto, Defendant CHRISTIE's acts and failures to act were the direct acts and failures to act of Defendant MBNA and its Technological Sector.

6.    Defendant BRETT SMITH (hereinafter "SMITH") is an adult white male and Senior Executive Vice President of Defendant MBNA and its Technological Sector.  Defendant SMITH works for, on behalf of and in furtherance of the business interests of Defendant MBNA in a Senior Supervisory capacity, as a result of which Defendant MBNA is strictly liable for his acts and failures to act. At all times relevant hereto, Defendant SMITH's acts and failures to act were the direct acts and failures to act of Defendant MBNA and its Technological Sector.

7.    Defendant DAVE DIZIO (hereinafter "DIZIO") is an adult white male and Senior

Vice President of Defendant MBNA and its Technological Sector. Defendant DIZIO works for, on behalf of and in furtherance of the business interests of Defendant MBNA in a Senior Supervisory capacity, as a result of which Defendant MBNA is strictly liable for his acts and failures to act. At all times relevant hereto, Defendant DIZIO's acts and failures to act were the direct acts and failures to act of Defendant MBNA and its Technological Sector.

8.   Defendant JOHNNI CHURCHMAN (hereinafter "CHURCHMAN") is an adult white female and Executive Vice President and Manager of Defendant MBNA's Technological Sector. Defendant CHURCHMAN works for, on behalf of and in furtherance of the business interests of Defendant MBNA in a Senior Supervisory capacity, as a result of which Defendant MBNA is strictly liable for her acts and failures to act. At all times relevant hereto, Defendant CHURCHMAN'S acts and failures to act were the direct acts and failures to act of Defendant MBNA and its Technological Sector.

9.   Defendant STEPHANIE SOER (hereinafter "SOER") is an adult white female and Senior Executive Vice President of Defendant MBNA and its Technological Sector. Defendant SOER works for, on behalf of and in furtherance of the business interests of Defendant MBNA in a Senior Supervisory capacity, as a result of which Defendant MBNA is strictly liable for his acts and failures to act. At all times relevant hereto, Defendant SOER's acts and failures to act were the direct acts and failures to act of Defendant MBNA and its Technological Sector.

10.   At all times material hereto, Defendant MBNA acted or failed to act through its authorized officers, supervisors, managers, employees, workmen, agents and

4

servants including, but not limited to, Officers, Supervisors and Managers
WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI CHURCHMAN, and
STEPHANIE SOER, and others whose identities will be disclosed during the
course of discovery, and all of whom were at all times then and there acting as
Bank Officers in Supervisory capacities for and on behalf of Defendant MBNA,
and in furtherance of its business interests, and within the course and scope of
their employment and Supervisory authority and authority as Bank Officers.

11.    At all times material hereto, Defendant MBNA's Officers, Supervisors and
Managers, including but not limited to, WILLIAM CHRISTIE, BRETT SMITH,
DAVE DIZIO, JOHNNI CHURCHMAN, and STEPHANIE SOER, were acting in
the course and scope of their agency and/or employment with and on behalf of
and/or under the management, control and/or direction of Defendant MBNA, and
set official policy for said Defendant MBNA Bank and its Technological Sector.

12.    Because of their senior positions as bank officers, the acts and failures to act of
Defendants WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI
CHURCHMAN, and STEPHANIE SOER were the direct acts of Defendant MBNA
bank and its Technological Sector.

13.    At all times material hereto, the individual Defendants WILLIAM CHRISTIE,
BRETT SMITH, DAVE DIZIO, JOHNNI CHURCHMAN, and STEPHANIE SOER,
were acting intentionally, maliciously, conspiratorially, and in reckless disregard
of the Plaintiff's right to be free from race discrimination and retaliation.

14.    At all times relevant hereto, Defendant MBNA, acting by and through its Officers,
Supervisors and Managers including, but not limited to, WILLIAM CHRISTIE,

5

BRETT SMITH, DAVE DIZIO, JOHNNI CHURCHMAN, and STEPHANIE SOER,

all of whom were acting intentionally, conspiratorially and in furtherance of

Defendant MBNA's business purpose, and who were also acting maliciously and

in reckless disregard of the Plaintiff's right to be free from race discrimination and

retaliation.

### ADMINISTRATIVE PROCEDURES

15.   Plaintiff filed charges of race discrimination against Defendant MBNA Bank and

its Technological Sector s with the Philadelphia District Office of the Equal

Employment Opportunity Commission, Charge No. 170 - A30-1345.

16.   Plaintiff also received a Notice of Right to Sue Within 90 Days from the U. S.

Department of Justice dated September 8th, 2005.  A copy of the Notice of Right

to Sue" is attached and marked as Exhibit "A".

### BACKGROUND ALLEGATIONS

17.   Plaintiff Smith was hired by Defendant MBNA as a Vice President for its

Distributed Systems Division in 1996.  He last worked for the Defendant as a

First Vice President and Manager in the Defendant MBNA's Technology Section

before going out on paid medical leave on September 4, 2002.

18.   At all times relevant hereto, the character of the Plaintiff's employment was good,

and he worked well with other employees and those he supervised.

19.   However, by 1998, the atmosphere of racial hostility and animosity at Defendant

MBNA has become so severe and pervasive that Plaintiff Smith filed a grievance

against Defendant MBNA complaining of its racially -biased and hostile

6

atmosphere.

20.  Thereafter, and for the remainder of his tenure at Defendant MBNA, Defendants
WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI CHURCHMAN, and
STEPHANIE SOER, in both their individual and professional capacities, agreed
and conspired among themselves to deny him professional advancement
opportunities and to create a hostile work environment for the Plaintiff with a view
toward forcing him to leave his employment, and said Defendants did, in fact,
subject the Plaintiff to such a hostile work environment in furtherance of their
agreement.

21.  Said Defendants WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI
CHURCHMAN, and STEPHANIE SOER entered into said agreement and
subjected the Plaintiff to a hostile work environment, characterized by the denial
of professional advancement opportunities, the denial of the benefits of
employment, and the exposure of the Plaintiff to personal indignities for no other
reason than that the Plaintiff was Black.

22.  For example, Defendant DIZIO excluded the Plaintiff from staff meetings and all
other similar communications and denied the Plaintiff information he needed to
perform his job effectively.

23.  Although the Plaintiff was a Manager in the Quality Assurance section of the
Technology Division, and in furtherance of her agreement with the other
individual defendants, Defendant CHURCHMAN contributed to the hostile work
environment under which the Plaintiff worked by constantly rejecting and
repudiating the Plaintiff's expertise in the testing area and his work input, thus

minifying his skill, abilities and experiences.

24. In furtherance of her agreement with the other individual defendants, Defendant SOER contributed to the hostile work environment under which the Plaintiff worked by refusing to give him work assignments that related to his job.

25. With a view toward denying the plaintiff the benefits of his employment, further creating a hostile work atmosphere, and personally humiliating the Plaintiff, the only assignment Defendant SOER assigned the Plaintiff was the demeaning assignment of planning the Company picnic for 2002.

26. Defendant SOER then used the Plaintiff's planning of the company picnic as the basis of his employee evaluation.

27. Plaintiff Smith was eligible for promotion and salary raises in 1999 and 2000, but Defendants WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI CHURCHMAN, and STEPHANIE SOER, in furtherance of their agreement, blocked and sabotaged the Plaintiff's efforts to receive a work promotion.

28. Among themselves, Defendants WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI CHURCHMAN, and STEPHANIE SOER subjected the Plaintiff to personal and humiliating indignities by generating and circulating rumors about the Plaintiff's sex life, and circulating the rumor that he had once been a "pimp".

29. More specifically, said Defendants WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI CHURCHMAN, and STEPHANIE SOER, individually and jointly, repeatedly questioned the Plaintiff's co-workers and peers about the Plaintiff's personal life, and caused the Plaintiff to be accused of sexual harassment.

30. As a result of said individual Defendants' actions, the Plaintiff was given a letter

8

of reprimand in May 2002, which was placed in his work file, for "conduct

Unbecoming in a Work Environment".

31.    Said letter of reprimand was wholly unfounded and unwarranted, and was filed

against him in furtherance of the agreement between said Defendant as

described herein.

32.    Similarly situated white managers were not subjected to unwarranted letters of

reprimand, and Plaintiff Smith was subjected to such a letter for no other reason

than that he was Black.

33.    Defendants WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI

CHURCHMAN, and STEPHANIE SOER, individually and jointly, subjected the

Plaintiff to these personal and humiliating indignities for no other reason than that

he was Black, and no other Managers similarly situated to the Plaintiff were

subjected to such personal indignities and hostile work environment.

34.    Plaintiff Smith complained to Defendant MBNA, by and through its People

Relations Manager, Ms. Patti McGowan, about said hostile and personally

humiliating treatment but Defendant MBNA ignored and dismissed the Plaintiff's

complaints without investigating them.

35.    In or about August 2002, the Plaintiff took part in a race discrimination lawsuit

that was filed against Defendant MBNA by a group of its employees.

36.    However, by September 2002, the atmosphere under which the Plaintiff was

forced to work as a result of the joint and individual efforts of Defendants

WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI CHURCHMAN, and

STEPHANIE SOER had become so hostile and unprofessional that the Plaintiff

9

experienced such anxiety, anguish and humiliation that he was forced to apply for a medical leave of absence.

37.   Defendant MBNA recognized that the Plaintiff suffered from a "serious health condition" and allowed him to go out on a paid medical leave of absence, designated as a Short Term Disability and Family Medical Leave pursuant to the MBNA company insurance policy Number 505, on September 5, 2002.

38.   During his leave of absence, Plaintiff Smith regularly communicated with Defendant SOER, and Defendant MBNA's lead company nurse, Ms. Jacki Staker, that he intended to return to work, initially on February 3, 2003, but later on February 18, 2003.

39.   However, and with a view toward denying the Plaintiff the benefits of his employment, and in retaliation for the Defendant's having complained of race discrimination and participated in the earlier-filed race discrimination suit, Defendant MBNA notified the Plaintiff that his twelve (12) weeks of leave under the Family Leave and Medical Act (FMLA) would expire on November 27, 2002 and that his re-eligibility for such leave FMLA leave would begin on September 6, 2003.

40.   In further retaliation for the Defendant's having complained of race discrimination and participated in the earlier-filed race discrimination suit, Defendant MBNA also notified the Plaintiff in December 2002 /that his benefits would be discontinued as of January 20, 2003.

41.   Thereafter, on February 14, 2003, just before the Plaintiff had planned to return to work, and in further retaliation for the Defendant's having complained of race

10

discrimination and participated in the earlier-filed race discrimination suit, Defendant MBNA notified the Plaintiff, via a telephone call from Ms. Tamika Sainten, HR Manager, that his job security had expired due to the length of his illness, that he would be placed in an unpaid leave status for six months, and that he would be required to "network" and identify a suitable position to which he could return. Failing his ability to identify a position to which he could return, he was out of a job.

42. In effect, then, and in retaliation for the Defendant's having complained of race discrimination and participated in the earlier-filed race discrimination suit, Defendant MBNA effectively terminated the Plaintiff from his position.

43. As a direct and proximate result of the above acts and failures to act by the Defendants, individually and jointly, the Plaintiff suffered insult, racial oppression, degradation, humiliation and severe emotional distress requiring medical attention.

44. As a further direct and proximate result of the above described acts and failures to act, the Plaintiff further suffered loss of income, loss of work experience, and a diminution in his professional and employment stature.

45. As a further direct and proximate result of Defendant MBNA's acts and failures to act, by and through its Managers and Supervisors, the Plaintiff was adversely affected in his employment status, and has been impaired in future efforts to locate other employment.

## FEDERAL CLAIMS

11

## COUNT I:   Plaintiff -v- Defendant MBNA Bank
### (Violation of 42 U. S. C. §2000e-2(a)(1)

46.   The Plaintiff here incorporates all the allegations in the preceding paragraphs as if the same were fully set forth here.

47.   The acts and failures to act of Defendant MBNA Bank, made by and through its Managers, Supervisors, agents, workmen, employees and Supervisors, including Defendants WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI CHURCHMAN, and STEPHANIE SOER, specifically the acts of discriminating against the Plaintiff on the basis of his race by denying him employment rights and privileges afforded white employees, discriminated against the Plaintiff in the terms, conditions and privileges of his employment.

48.   The acts and failures to act of Defendant MBNA Bank, made by and through its Managers, Supervisors, agents, workmen, employees and Supervisors, as described herein, constituted an unlawful employment practice proscribed by 42 U. S. C. §2000e-2(a)(1).

**WHEREFORE**, the Plaintiff respectfully requests this Honorable Court to enter Judgment in his behalf against Defendant MBNA Bank in excess of One Hundred Thousand Dollars ($100,000.00).  Furthermore, the Plaintiff is entitled to and demands, pursuant to 42 U. S. C. §1988, all costs, fees, expenses and attorneys fees.

## COUNT II:   Plaintiff -v- Defendant MBNA Bank
### (Violation of 42 U. S. C. §2000e-2(a)(2)

49.   The Plaintiff here incorporates all the allegations in the preceding paragraphs as if the same were fully set forth here.

50.     The acts and failures to act of Defendant MBNA Bank, made by and through its
        Managers, Supervisors, agents, workmen, employees and Supervisors, including
        Defendants WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI
        CHURCHMAN, and STEPHANIE SOER, specifically the acts of discriminating
        against the Plaintiff on the basis of his race by subjecting her, *inter alia*, to
        unwarranted criticism and inquiry into his personal life, deprivation of promotion
        opportunities and other privileges of employment, all on the basis of his race,
        which is Black, discriminated against the Plaintiff by limiting and classifying him in
        such a way as to deprive the Plaintiff of his employment opportunities with
        Defendant MBNA Bank.

51.     The acts and failures to act of Defendant MBNA Bank, made by and through its
        Managers, Supervisors, agents, workmen, employees and Supervisors,
        constituted an unlawful employment practice proscribed by 42 U. S. C. §2000e-
        2(a)(2).

   **WHEREFORE**, the Plaintiff seeks Judgment in his behalf against Defendant MBNA
Bank in excess of One Hundred Thousand Dollars ($100,000.00).  Furthermore, the
Plaintiff is entitled to and demands, pursuant to 42 U. S. C. §1988, all costs, fees,
expenses and attorneys fees.

### COUNT III:   Plaintiff -v- Defendant MBNA Bank
### (Violation of 42 U. S. C. §2000e-3(a))

52.     The Plaintiff here incorporates all the allegations in the preceding paragraphs as
        if the same were fully set forth here.

53.     The acts and failures to act of Defendant MBNA Bank, made by and through its

13

Managers, Supervisors, agents, workmen, employees and Supervisors, including

Defendants WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI

CHURCHMAN, and STEPHANIE SOER, specifically the acts of terminating early

the Plaintiff's sick benefits and then denying him the benefits of his seniority, and

thereby effectively terminating him from his employment, were made solely to

retaliate against the Plaintiff for his having complained about the treatment

afforded him by Defendants WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO,

JOHNNI CHURCHMAN, and STEPHANIE SOER, and for having participated in

a race discrimination suit against Defendant MBNA, all of which was

constitutionally protected activity.

54.     The acts and failures to act of Defendant MBNA Bank, made by and through its

Managers, Supervisors, agents, workmen, employees and Supervisors, including

Defendants WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI

CHURCHMAN, and STEPHANIE SOER, constituted an unlawful employment

practice proscribed by 42 U. S. C. §2000e-3(a).

   **WHEREFORE**, the Plaintiff seeks Judgment in his behalf against Defendant MBNA
Bank in excess of One Hundred Thousand Dollars ($100,000.00).  Furthermore, the
Plaintiff is entitled to and demands, pursuant to 42 U.  S.  C. §1988, all costs, fees,
expenses and attorneys fees.

## COUNT IV:   PLAINTIFF -v- DEFENDANTS MBNA BANK, WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI CHURCHMAN, and STEPHANIE SOER
### (VIOLATION of 42 U. S. C. §1981)

55.     The Allegations contained in all preceding Paragraphs are here incorporated and

included by reference as if fully set forth here.

56.     42 U. S. C. §1981 provides, in relevant part, that "all persons ... shall have the

14

same right ... to make and enforce contracts ... as is enjoyed by white citizens."
42 U.S.C. §1981 (1982), and includes the making, performance, modification,
and termination of contracts, and the enjoyment of all benefits, privileges, terms,
and conditions of the contractual relationship.

57. The Plaintiff enjoyed a right make and enforce hisr employment contract, which
included the right to enjoy and enforce the rights and privileges afforded by
seniority and sick leave as were enjoyed and enforced by white employees, and
the right to equal conditions of employment as were enjoyed by white employees.

58. The Defendants' acts and failures to act, as described herein, individually and
jointly, deprived the Plaintiff of his right to make and enforce contracts,
specifically his right to enjoy and enforce equal employment conditions, benefits
and rights as were enjoyed by white employees.

59. The Defendants acted and failed to act, as described hereof, to deprive the
Plaintiff of his right to make and enforce contracts by denying him the rights and
privileges of his employment, solely because of his race, which is black.

60. The Defendants' individual and joint conduct, as described herein, deprived the
Plaintiff of her rights as guaranteed her under 42 U. S. C. §1981.

**WHEREFORE**, the Plaintiff seeks compensatory damages from the Defendants,
individually and/or jointly, in excess of One Hundred Thousand Dollars ($100,000.00).
Furthermore, the Plaintiff is entitled to and demands, pursuant to 42 U. S. C. §1988, all
costs, fees, expenses and attorneys fees.

Respectfully submitted,

15

**THE LAW OFFICES OF ADRIAN J. MOODY, P.C.**

BY:     _____

        Adrian J. Moody, Esquire


BY:     _____

        Stacy L. Shields, Esquire
        Attorney Id #35361 and 71839
        1616 Walnut Street, Suite #700
        Philadelphia, PA. 19103-5307
        215-735-2400

        Attorneys for the Plaintiff, Russell P. Smith

16

06 - 87

05-6273

2

AO 440 (Rev. 10/93) Summons in a Civil Action    FEB -8 PM 1:18

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE  12-13-05 | |
|---|---|---|
| NAME OF SERVER *(PRINT)*  Joel K. Hamburg | TITLE  Process Server | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☑ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: KAREN RAISON

☐ Returned unexecuted: _____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  12-13-05
　　　　　　　Date

Joel K Hamburg
Signature of Server

FILED

DEC 29 2005

MICHAEL E. KUNZ, Clerk
By _____
　　　　　Dep. Clerk

1341 N. Delaware Ave
Address of Server
Phila, PA 19125

2006 FEB -8 PM 1:18

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440  (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | 12.13.05 |

| NAME OF SERVER (PRINT) | TITLE |
|---|---|
| Joel K. Hamburg | Process Server |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☑ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:  KAREN RAISON

☐ Returned unexecuted: _____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  12·13·05
        Date           *Signature of Server*

        1341 N. Delaware Ave
           *Address of Server*
        Phila, PA 19125

FILED

DEC 2 0 2005

MICHAEL E. KUNZ, Clerk
By_____
             Dep. Clerk

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE 12·13·05 |
|---|---|
| NAME OF SERVER (PRINT) Joel K Hamburg | TITLE Process Server |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☑ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: KAREN RAISON

☐ Returned unexecuted: _____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 12·13·05
_____      _____
Date                      Signature of Server

1341 N. Delaware Ave
_____
Address of Server
Phila, PA 19125

FILED

DEC 2 8 2005

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

---

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE 2·13·05 |
|---|---|
| NAME OF SERVER (PRINT) Joel K Hamburg | TITLE Process Server |

Check one box below to indicate appropriate method of service

☐ Served personally upon the defendant. Place where served: _____

☑ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: KAREN RAISON

☐ Returned unexecuted: _____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  12·13·05
_____     Jaek Hamburg
         Date        Signature of Server

1341 N. DELAWARE AVE
_____
Address of Server    Phila, PA 19125

FILED
DEC 2 9 2005
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE 12-13-05 |
| NAME OF SERVER *(PRINT)* Joel K. Hamburg | TITLE Process Server |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☑ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: Karen Raison

☐ Returned unexecuted: _____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 12-13-05 _____ Joel K. Hamburg
              Date          *Signature of Server*

1341 N. Delaware Ave
*Address of Server*
Phila, PA 19125

FILED
DEC 29 2005
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440  (Rev. 10/93)  Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE 12-13-05 |
|---|---|
| NAME OF SERVER (PRINT) Joel K. Hamburg | TITLE Process Server |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served: _____

_____

☑ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.

Name of person with whom the summons and complaint were left: KAREN RAISON

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
|  |  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  12-13-05
_____
Date

Joel K. Hamburg
_____
Signature of Server

1341 N. Delaware Ave
Phila, PA 19125
_____
Address of Server

FILED

DEC 29 2005

MICHAELINE KUNZ, Clerk
By_____
Dep. Clerk

_____
(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**RUSSELL PAIGE SMITH**                        :
1745 65th Avenue                            :
Philadelphia, Pa. 19126-3412              :
                Plaintiff    :    CIVIL ACTION NO:  05-6273
                                   :

     v.                                           :
                                     :

**MBNA AMERICA BANK, N. A,** is a       :
federally chartered banking association :
headquartered in Wilmington,            :
Delaware, and having local offices at   :
1101 No. King Street                    :
Wilmington, Delaware 19801-3372         :
                                   :

     AND                                          :
                                   :

**WILLIAM CHRISTIE**, Individually and   :
in his Professional, Supervisory        :
Capacity as Senior Vice President of    :
Defendant MBNA Bank, Technological      :
Sector, having offices located at       :
P. O. Box 15021                         :
Wilmington, Delaware 19850-0255         :
                                   :

     AND                                          :
                                   :

**BRETT SMITH**, Individually and in his  :
Professional, Supervisory capacity as   :
Senior Executive Vice President of      :
Defendant MBNA Bank, Technological      :
Sector, having offices located at       :
P. O. Box 15021                         :
Wilmington, Delaware 19850-0255         :
                                   :

     AND                                          :

**DAVE DIZIO**, Individually and in his   :
Professional, Supervisory capacity as   :
Senior Vice President of Defendant   :
MBNA Bank, Technological Sector   :
Having offices located at   :
P. O. Box 15021   :
Wilmington, Delaware 19850-0255   :

     AND   :

  :

**JOHNNI CHURCHMAN**, Individually   :
and in her Professional, Supervisory   :
Capacity as Executive Vice President   :
and Manager of Development of   :
Defendant MBNA Bank, Technological   :
Sector, having offices located at   :
P. O. Box 15021   :
Wilmington, Delaware 19850-0255   :

     AND   :

  :

**STEPHANIE SOER**, Individually and   :
in her Professional, Supervisory   :
Capacity as Senior Executive Vice   :
President of Defendant MBNA Bank,   :
Technological Sector having offices   :
Located at   :
P. O. Box 15021   :
Wilmington, Delaware 19850-0255   :
                Defendants   :



FILED

DEC 2 9 2005

MICHAEL E KUNZ, Clerk
By_____
Dep. Clerk

## AFFIDAVIT OF SERVICE

    I, **Adrian J. Moody, Esquire**, attorney for the Plaintiff, Russell P. Smith, hereby

certify and affirm that the Defendants, named above were served on Tuesday December

13, 2005.  Attached for filing is the original Summons, and return of service.

                         _____
                         **Adrian J. Moody, Esquire**
                         Attorney for Plaintiff, Russell P. Smith
                         Attorney Identification #35361
                         1616 Walnut Street, Suite 700
                         Philadelphia, PA.  19103-5307
                         (215) 735-2400

Date:    _12/27/05_

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUSSELL PAIGE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 2:05-CV-06273-PD |
| | ) | |
| MBNA AMERICA BANK, N.A., | ) | |
| WILLIAM CHRISTIE, BRETT SMITH, | ) | |
| DAVE DIZIO, JOHNNI CHURCHMAN | ) | |
| and STEPHANIE SOER, | ) | |

## **ANSWER**

Defendants MBNA America Bank, N.A., William Christie, Brett Smith, Dave Dizio,

Johnni Churchman and Stephanie Soer answer Plaintiff's Complaint as follows:

1.      Denied that jurisdiction is properly invoked.  No additional answer

necessary.

2.      Denied.

3.      Defendants do not have sufficient information to admit or deny this

averment.

4.      Admitted.

5.      Denied, except admitted that Defendant Christie is an adult, white male

and Senior Executive Vice President of Defendant MBNA.

6.      Denied, except admitted that Defendant Smith is an adult, white male.

7.      Denied, except admitted that Defendant Dizio is an adult, white male

employed by Defendant MBNA.

8.      Denied, except admitted that Defendant Churchman is an adult, white

female.

9.     Denied, except admitted that Defendant Soer is an adult, white female employed by Defendant MBNA.

10.     Defendants do not have sufficient information to admit or deny this averment.

11.     Defendants do not have sufficient information to admit or deny this averment.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Admitted.

16.     Admitted.

17.     Admitted.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Admitted that Plaintiff was given a reprimand.  Otherwise, denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Admitted.

36.     Admitted.

37.     Admitted.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Defendants incorporate herein by reference all of the answers in the preceding paragraphs.

47.     Denied.

48.     Denied.

49.     Defendants incorporate herein by reference all of the answers in the preceding paragraphs.

50.     Denied.

51.     Denied.

52.     Defendants incorporate herein by reference all of the answers in the preceding paragraphs.

53.     Denied.

54.     Denied.

55.     Defendants incorporate herein by reference all of the answers in the preceding paragraphs.

56.     Admitted.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

## AFFIRMATIVE DEFENSES

1.     Plaintiff has failed to state a claim upon which relief can be granted.

2.     The Court lacks jurisdiction over the subject matter of the claims.

3.     The Court lacks jurisdiction over the persons.

4.     Venue is improper.

5.     To the extent Plaintiff's complaint was not filed within ninety (90) days of his receipt of a Notice of Right to Sue, all claims arising out of the underlying charge are time-barred.

009626.1045

6.    To the extent the Complaint is based upon conduct not the subject of a timely filed charge of discrimination, Plaintiff's claims are barred for failure to exhaust administrative remedies.

7.    Defendants deny that they acted with malice or reckless indifference to the rights of Plaintiff.

8.    Although Defendant MBNA denies that Plaintiff was exposed to a hostile work environment, Defendant MBNA asserts that it exercised reasonable care to prevent and correct promptly any allegedly harassing behavior, and the Plaintiff has unreasonably failed to take advantage of any preventive or corrective opportunity provided or to avoid harm otherwise.

9.    To the extent Plaintiff's hostile environment claim is based on untimely conduct, those acts are barred by the doctrine of laches.

10.    Notwithstanding Defendants' general denials and previous affirmative defenses herein, to the extent Plaintiff establishes that his race was a determinative factor for any employment decision challenged herein, Defendants affirmatively state that they would have taken the same action in the absence of such a factor.

11.    To the extent Plaintiff's claims pursuant to Section 1981 are based on conduct occurring more than two (2) years prior to the filing of his Complaint, all such claims are time-barred.

12.    To the extent Plaintiff has failed to mitigate his damages, he is barred from recovering from Defendants.

WHEREFORE, Defendants demand that the Complaint be dismissed with attorneys' fees and costs assessed against Plaintiff.


YOUNG CONAWAY STARGATT & TAYLOR, LLP

Rolin P. Bissell  (PA No. 53829)
Sheldon N. Sandler (DE Bar I.D. 0245)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6673
Facsimile: (302) 576-3330
ssandler@ycst.com
Attorneys for Defendants

DATED:    December 29, 2005

## CERTIFICATE OF SERVICE

I, Rolin P. Bissell, hereby certify that on December 29, 2005, I caused a copy of the

foregoing Answer to be served by electronic filing and by United States first-class mail, postage

prepaid, to:

The Law Offices of Adrian J. Moody, P.C.
Adrian J. Moody, Esquire
Stacy L. Shields, Esquire
1616 Walnut Street, Suite 700
Philadelphia, PA  19103-5307

The document is available for viewing and downloading from the ECF system.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Rolin P. Bissell (PA No. 53829)
Sheldon N. Sandler (DE No. 245)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600

Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

RUSSELL PAIGE SMITH,
           Plaintiff,       :
                                 :

          V.                 :         Civil Action
                                :         No: <u>2:05-CV-06273-PD</u>
MBNA AMERICA BANK, N.A.,          :
WILLIAM CHRISTIE, BRETT SMITH,
DAVE DIZIO, JOHNNI CHURCHMAN,        :
and STEPHANIE SOER,      DISCLOSURE STATEMENT FORM
           Defendants.

Please check one box:

☐      The nongovernmental corporate party, _____, in the
        above listed civil action does not have any parent corporation and publicly held
        corporation that owns 10% or more of its stock.

☒      The nongovernmental corporate party, <u>MBNA America Bank, N.A.</u>, in the
        above listed civil action has the following parent corporation(s) and publicly held
        corporation(s) that owns 10% or more of its stock:

        MBNA Corporation _____

        _____

        _____

        _____

12/29/05 _____       _____
     Date                               Signature

                       Counsel for:  Defendants
                                  _____

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
     (a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY. A nongovernmental
corporate party to an action or proceeding in a district court must file two copies of a statement
that identifies any parent corporation and any publicly held corporation that owns 10% or more
of its stock or states that there is no such corporation.
     (b) TIME FOR FILING; SUPPLEMENTAL FILING. A party must:
         (1)    file the Rule 7.1(a) statement with its first appearance, pleading, petition,
              motion, response, or other request addressed to the court, and
         (2)    promptly file a supplemental statement upon any change in the
              information that the statement requires.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Civil Action No# 2:05-CV-06273-PD

**APPLICATION FORM FOR THOSE ATTORNEYS SEEKING TO PRACTICE IN THIS COURT PURSUANT TO**
**LOCAL RULE OF CIVIL PROCEDURE 83.5.2(b)**

I. APPLICANT'S STATEMENT

I, **Sheldon N. Sandler** the undersigned, am an attorney who is not currently admitted to
either the bar of this court or the bar of the Supreme Court of Pennsylvania, and I hereby apply for admission to practice in this court
pursuant to Local Rule of Civil Procedure 83.5.2(b), and am submitting a check, number _____, for the $40.00 admission
fee.

A.   I state that I am currently admitted to practice in the following state jurisdictions:

| Delaware | February 1966 | 245 |
|---|---|---|
| (State where admitted) | (Admission date) | (Attorney Identification Number) |
| | | |
| (State where admitted) | (Admission date) | (Attorney Identification Number) |
| | | |
| (State where admitted) | (Admission date) | (Attorney Identification Number) |

B.   I state that I am currently admitted to practice in the following federal jurisdictions:

| Delaware | 1966 | n/a |
|---|---|---|
| (Court where admitted) | (Admission date) | (Attorney Identification Number) |
| | | |
| (Court where admitted) | (Admission date) | (Attorney Identification Number) |
| | | |
| (Court where admitted) | (Admission date) | (Attorney Identification Number) |

C.   I state that I am at present a member of the aforesaid bars in good standing, and that I will demean myself as an attorney of
this court uprightly and according to law, and that I will support and defend the Constitution of the United States.

I am entering my appearance for          Defendants

(Applicant's Signature)

12/29/05

(Date)

APPLICANT'S OFFICE ADDRESS AND TELEPHONE NUMBER:

Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor

Wilmington, DE  19899-0391

(302) 571-6673

Sworn and subscribed before me this

29th Day of December, 2005

Notary Public

Expires 1/07/06

10/04

## II. SPONSOR'S STATEMENT, MOTION AND CERTIFICATE OF SERVICE

     The undersigned member of the bar of the United States District Court for the Eastern District of Pennsylvania hereby moves for the admission of ___Sheldon N. Sandler___ to practice in said court pursuant to Local Rule of Civil Procedure 83.5.2(b), and certify that I know (or after reasonable inquiry believe) that the applicant is a member in good standing of the above-referenced state and federal courts and that the applicant's private and personal character is good. I certify that this application form was on this date mailed, with postage prepaid, to all interested counsel.

| Rolin P. Bissell | | November 1988 | PA ID No. 53829 |
|---|---|---|---|
| Sponsor's Name | Sponsor's Signature | Admission date | Attorney Identification No. |

SPONSOR'S OFFICE ADDRESS AND TELEPHONE NUMBER:

Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor

Wilmington, DE  19899-0391

(302) 571-6560

Sworn and subscribed before me this

29th Day of December 2005

Notary Public

Expires 01/07/06

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RUSSELL PAIGE SMITH,
      Plaintiff,             :     CIVIL ACTION
                               :
        v.            :
MBNA AMERICA BANK, N.A.,     :
WILLIAM CHRISTIE, BRETT SMITH, :    NO. 2:05-CV-06273-PD
DAVE DIZIO, JOHNNI CHURCHMAN
and STEPHANIE SOER,
      Defendants.      ORDER

AND NOW, this       Day of           , 200  , it is hereby

ORDERED that the application of  Sheldon N. Sandler, Esquire, to practice in this

court pursuant to Local Rule of Civil Procedure 83.5.2(b) is

     ☐   GRANTED.

     ☐   DENIED.

_____
                                  J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RUSSELL PAIGE SMITH,           :        CIVIL ACTION
                Plaintiff,     :
                               :
          v.                   :
MBNA AMERICA BANK, N.A.        :
WILLIAM CHRISTIE, BRETT SMITH, :
DAVE DIZIO, JOHNNI CHURCHMAN   :        NO. 2:05-CV-06273-PD
and STEPHANIE SOER,            :
                Defendants.

CERTIFICATE OF SERVICE

I declare under penalty of perjury that a copy of the application of   Sheldon N. Sandler

Esquire, to practice in this court pursuant to Local Rule of Civil Procedure 83.5.2(b) and the relevant

proposed Order which, if granted, would permit such practice in this court was mailed today with

postage prepaid to:

THE LAW OFFICES OF ADRIAN J. MOODY, P.C.

Adrian J. Moody, Esquire
Stacy L. Shields, Esquire
1616 Walnut Street, Suite 700
Philadelphia, PA 19103-5307
(Attorneys for Plaintiff)


_____
Signature of Attorney

Rolin P. Bissell
_____
Name of Attorney

Sheldon N. Sandler
_____
Name of Moving Party

12/29/05
_____
Date




06 - 87 -

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RUSSELL PAIGE SMITH,
      Plaintiff,           :     CIVIL ACTION
                              :
           v.              :
MBNA AMERICA BANK, N.A.,
WILLIAM CHRISTIE, BRETT SMITH,  :     NO.2:05-CV-06273-PD
DAVE DIZIO, JOHNNI CHURCHMAN
and STEPHANIE SOER,
      Defendants.        ORDER

FILED
JAN - 4 2006
MICHAEL E. KUNZ, Clerk
By_____
Dep. Clerk

      AND NOW, this       Day of        , 200  , it is hereby

ORDERED that the application of  Sheldon N. Sandler , Esquire, to practice in this

court pursuant to Local Rule of Civil Procedure 83.5.2(b) is

    ☑   GRANTED.

    ☐   DENIED.

_____
                      J.

Mailed
1-4-06
Moody
Bissell
Shields
Sandler

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RUSSELL PAIGE SMITH      :     CIVIL ACTION
                         :
        v.                :
                         :
MBNA AMERICA BANK, N.A.      :     NO. 05-6273

<u>NOTICE</u>

AND NOW, this 18th day of January, 2006, please take note that a

[X] preliminary pretrial conference
[]

in the above-captioned case will be held on **February 9, 2006,**
at **9:30 a.m.** before the Honorable Paul S. Diamond**.** This conference will be held

[X] in chambers, Room 6613
[] by telephone*
         *Counsel for the plaintiff will be responsible for contacting all parties, at which
         time you may contact Judge Diamond's chambers at 267-299-7730.

Lead Trial counsel shall attend the conference. Counsel should be familiar with all aspects of the case and shall have full authority to negotiate an amicable settlement. **If counsel does not have such authority, then persons with such authority must be present as well**. Any communications with the Court should be directed to the Courtroom Deputy.

Unless the parties agree to another form of ADR, they shall participate in a settlement conference to be scheduled and held before United States Magistrate Judge Timothy R. Rice on or about (two weeks before discovery deadline). If the parties believe that a settlement conference would be helpful at an earlier time, they are directed to contact Magistrate Judge Rice to schedule the same. Magistrate Judge Rice will require that lead counsel and parties with full settlement authority attend the conference.

*All official filings submitted to the Clerk of the Court must be filed directly on ECF.*

Failure to comply with this directive may result in the imposition of sanctions. The conference will be continued to another date only under exceptional circumstances.

ATTEST:                       or   BY THE COURT:


BY: _____             _____
       Carol D. James                 PAUL S. DIAMOND, J.
       Deputy Clerk

(To be completed and returned to Judge Diamond's
Chambers three (3) days before the pretrial conference)

Caption: _____

Civil Action No.: _____

Jury Trial _____     Non-Jury Trial _____     Arbitration _____

Plaintiff's Counsel: _____

Address: _____

Phone: _____     Fax: _____

Defendant's Counsel: _____

Address: _____

Phone: _____     Fax: _____

Have you complied with the duty of self-executing disclosure under Federal Rule of Civil Procedure
26(a) _____     When? _____     If not, why? _____

_____

Have you filed a discovery plan pursuant to Federal Rule of Civil Procedure 26(f)?
_____     When? _____     If not, why? _____

_____

Discovery completed? _____     If not, when? _____

If you contend the discovery period should exceed four months after the last appearance by all
defendants is filed, please state reasons:

_____

Ready for trial by: _____
                    Date
Is a settlement conference likely to be helpful? _____
If so, when: Early _____(yes/no)     After discovery _____

Do you expect to file a case-dispositive motion? _____

If so, by what date? _____
Trial time estimate: _____
Time to present your case: _____
Time for entire trial: _____
Date:_____          _____
                               Signature of counsel preparing the form

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RUSSELL PAIGE SMITH,                    )
                                        )
                        Plaintiff,      )
                                        )
        v.                              )        C.A. No. 05-CV-6273-PD
                                        )
MBNA AMERICA BANK, N.A.,                )
WILLIAM CHRISTIE, BRETT SMITH,          )
DAVE DIZIO, JOHNNI CHURCHMAN            )
and STEPHANIE SOER,                     )
                                        )
                        Defendants.     )

## DEFENDANTS' MOTION TO TRANSFER

Defendants MBNA America Bank, N.A., William Christie, Brett Smith,

Dave Dizio, Johnni Churchman and Stephanie Soer, by counsel, move pursuant to 28

U.S.C. § 1406(a) to transfer this action to the United States District Court for the District

of Delaware for the reasons stated in the accompanying Opening Brief of Defendants in

Support of their Motion to Transfer.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Rolin P. Bissell  (PA No. 53829)
Sheldon N. Sandler (admitted *pro hac vice*)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6673
Facsimile: (302) 576-3330
ssandler@ycst.com
Attorneys for Defendants

DATED:       January 19, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2006, I electronically filed a true and correct copy of **Defendants' Motion to Transfer** and **Order** with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Adrian J. Moody, Esquire
> Stacy L. Shields, Esquire
> The Law Offices of Adrian J. Moody, P.C.
> 1616 Walnut Street, Suite 700
> Philadelphia, PA 19103

I further certify that on January 19, 2006, I caused a copy of **Defendants' Motion to Transfer** and **Order** to be served by United States First Class mail on the following counsel of record:

> Adrian J. Moody, Esquire
> Stacy L. Shields, Esquire
> The Law Offices of Adrian J. Moody, P.C.
> 1616 Walnut Street, Suite 700
> Philadelphia, PA 19103

> YOUNG CONAWAY STARGATT & TAYLOR, LLP

> _____
> Rolin P. Bissell  (PA No. 53829)
> Sheldon N. Sandler (DE No. 245)(admitted *pro hac vice*)
> The Brandywine Building, 17th Floor
> 1000 West Street, P.O. Box 391
> Wilmington, Delaware 19899-0391
> Telephone: (302) 571-6673
> Facsimile: (302) 576-3330
> ssandler@ycst.com
> Attorneys for Defendants

009626.1046

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RUSSELL PAIGE SMITH, )
)
Plaintiff, )
v. ) C.A. No. 05-CV-6273-PD
)
MBNA AMERICA BANK, N.A., )
WILLIAM CHRISTIE, BRETT SMITH, )
DAVE DIZIO, JOHNNI CHURCHMAN )
and STEPHANIE SOER, )
)
Defendants. )

## ORDER

WHEREFORE, this ___ day of _____, 2006, IT IS

HEREBY ORDERED that:

      1.    Defendants MBNA America Bank, N.A., Defendants MBNA

America Bank, N.A., William Christie, Brett Smith, Dave Dizio, Johnni Churchman and

Stephanie Soer's Motion to Transfer pursuant to 28 U.S.C. §1406(a) is GRANTED;

      2.    This action is hereby transferred to the United States District Court

for the District of Delaware.

                                      _____

                                     United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RUSSELL PAIGE SMITH,      )
                               )
               Plaintiff,   )
     v.                        )     C.A. No. 2:05-CV-06273-PD
                               )
MBNA AMERICA BANK, N.A.,    )
WILLIAM CHRISTIE, BRETT SMITH,  )
DAVE DIZIO, JOHNNI CHURCHMAN  )
and STEPHANIE SOER,          )
               Defendants  )

## AFFIDAVIT OF BRIAN GIMLETT

STATE OF DELAWARE     )
                       )   SS.
COUNTY OF NEW CASTLE   )

Brian Gimlett, being duly sworn, does depose and say:

1.  My name is Brian Gimlett and I reside in New Castle County, Delaware.

2.  I am not a party to the above-captioned litigation.

3.  I am employed by Defendant MBNA in the capacity of Director of Employment.

4.  MBNA is headquartered in the State of Delaware, where it maintains its principal place of business, operates several facilities, and may readily be found.

5.  I have knowledge of the employment records maintained by MBNA for Russell Paige Smith during the course of his employment.

6.  During the entire period of his employment with MBNA, Mr. Smith worked at MBNA's New Castle County, Delaware facilities.

7.  MBNA's Personnel Department, which is responsible for the area where Mr. Smith worked, is also located in New Castle County.

8.  The Personnel Department maintained and administered the personnel records of the employees in the Technology Sector, including the personnel records of Mr. Smith.

9.  MBNA maintains and administers no employment records in the Eastern District of Pennsylvania for employees of the Technology Sector.

10. If Mr. Smith had continued his employment with MBNA, he would have continued to work in the State of Delaware.

11. At the time of Mr. Smith's separation from MBNA, up to and including the present day, MBNA has no facilities in the Eastern District of Pennsylvania and, therefore has no employees in that District.

_____
BRIAN GIMLETT

SWORN TO AND SUBSCRIBED before me, a Notary Public for the State and County aforesaid, this _18th_ day of January, 2006.

_____(SEAL)
Notary Public
My Commission Expires: _June 8, 2008_

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2006, I electronically filed a true and correct

copy of the **Affidavit of Brian Gimlett** with the Clerk of the Court using CM/ECF, which will

send notification that such filing is available for viewing and downloading to the following

counsel of record:

> Adrian J. Moody, Esquire
> Stacy L. Shields, Esquire
> The Law Offices of Adrian J. Moody, P.C.
> 1616 Walnut Street, Suite 700
> Philadelphia, PA 19103

I further certify that on January 19, 2006, I caused a copy of the **Affidavit of**

**Brian Gimlett** to be served by United States First Class mail on the following counsel of record:

> Adrian J. Moody, Esquire
> Stacy L. Shields, Esquire
> The Law Offices of Adrian J. Moody, P.C.
> 1616 Walnut Street, Suite 700
> Philadelphia, PA 19103

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Rolin P. Bissell  (PA No. 53829)
Sheldon N. Sandler (DE No. 245)(admitted *pro hac vice*)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6673
Facsimile: (302) 576-3330
ssandler@ycst.com
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RUSSELL PAIGE SMITH,                    )
                                        )
        Plaintiff,                      )
                                        )
                v.                      )        C.A. No. 05-CV-6273-PD
                                        )
MBNA AMERICA BANK, N.A.,                )
WILLIAM CHRISTIE, BRETT SMITH,          )
DAVE DIZIO, JOHNNI CHURCHMAN            )
and STEPHANIE SOER,                     )
                                        )
        Defendants.                     )

## DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO TRANSFER

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Rolin P. Bissell  (PA No. 53829)
Sheldon N. Sandler (admitted *pro hac vice*)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6673
Facsimile: (302) 576-3330
ssandler@ycst.com
Attorneys for Defendants

DATED:       January 19, 2006

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS...................................................................................... i

TABLE OF AUTHORITIES ............................................................................... ii

INTRODUCTION ............................................................................................... 1

FACTS ................................................................................................................. 2

ARGUMENT ....................................................................................................... 4

I.  VENUE IS IMPROPER IN THE EASTERN DISTRICT OF
    PENNSYLVANIA AND, THEREFORE, THE MATTER
    SHOULD BE TRANSFERRED TO DELAWARE. ............................... 4

A.  Venue For Plaintiff's Title VII Claim Is Not Proper in the Eastern
    District of Pennsylvania. ....................................................................... 5

B.  Venue For Plaintiff's Section 1981 Claim Is Not Proper in the
    Eastern District of Pennsylvania. .......................................................... 7

II. TRANSFER TO THE DISTRICT OF DELAWARE IS IN THE
    INTERESTS OF JUSTICE ..................................................................... 8

CONCLUSION ................................................................................................... 10

# TABLE OF AUTHORITIES

**Page**

Cases

Bragg v. Hoffman Homes, Inc.,
C.A. No. 04-CV-4984,
2005 U.S. Dist. LEXIS 4821,
(E.D. Pa. Feb. 2, 2005) ............................................................................ 5, 8

James v. Booz-Allen & Hamilton, Inc.,
227 F. Supp. 2d 16 (D.D.C. 2002) ...................................................... 4, 5, 7, 9

Kravitz v. Inst. for Int'l Research,
C.A. No. 92-5045,
1993 U.S. Dist. LEXIS 15669,
(E.D. Pa. Nov. 5, 1993) ............................................................................ 8

Peary v. Tenet,
C.A. No. 03-2212-JDB,
2004 U.S. Dist. LEXIS 27668,
(D.D.C. May 12, 2004) ............................................................................ 8

Silva v. Mayo Clinic,
C.A. No. 04-1519,
2004 U.S. Dist. LEXIS 13262,
(E.D. Pa. July 13, 2004) ............................................................................ 8

Stebbins v. Nationwide Mut. Ins. Co.,
757 F.2d 364 (D.C. Cir.),
cert. denied, 396 U.S. 895 (1969) ............................................................ 8

Thurmon v. Martin Marietta Data Sys.,
596 F. Supp. 367 (M.D. Pa. 1984) ............................................................ 8

Woolf v. Mary Kay, Inc.,
176 F. Supp. 2d 642 (N.D. Tex. 2001) ...................................................... 7

Other Authorities

28 U.S.C. § 1391 ............................................................................................ 8

28 U.S.C. § 1391(c), ..................................................................................... 1

28 U.S.C. § 1406(a) .......................................................................... 1, 4, 8, 10

42 U.S.C. § 1981 ..................................................................................................... 2, 4

42 U.S.C. § 1981(a) ...................................................................................................... 7

42 U.S.C. § 2000e-2, *et seq* ................................................................................... 2, 4

42 U.S.C. § 2000e-5(f)(3), ................................................................................. 1, 5, 6, 7

DB02:5141764.1

009626.1045

## INTRODUCTION

This case should be transferred to the United States District Court for the
District of Delaware pursuant to 28 U.S.C. § 1406(a) because Plaintiff has filed his
Complaint, which alleges Title VII and Section 1981 violations, in an improper venue.
Title VII has a special venue provision, 42 U.S.C. § 2000e-5(f)(3), which controls venue
exclusively and supersedes the general venue statute, 28 U.S.C. § 1391(c), that normally
governs Section 1981 claims.

Under 42 U.S.C. § 2000e-5(f)(3), actions may be brought to enforce Title
VII and any accompanying employment discrimination claim in any judicial district in
the state in which: (i) the unlawful practice allegedly occurred; (ii) the relevant
employment records are maintained; or (iii) the complainant would have worked if not
for the alleged unlawful actions.  Only if the employer cannot be found in any of those
districts may the action be brought in the district in which the employer has its principal
office.

Here, the Eastern District of Pennsylvania does not satisfy any of the
elements of the Title VII venue provision.  None of the allegedly unlawful practices
occurred in the Eastern District, none of the relevant records are kept in the Eastern
District, and Plaintiff would not have changed work locations to the Eastern District had
he not been discharged.  Moreover, the employer has its principal office in Delaware, not
the Eastern District.  Therefore, venue does not lie in the Eastern District.

Pursuant to 28 U.S.C. § 1406(a), the court has the discretion to transfer the
case to the district with proper venue.  Because Delaware is the only district where proper

venue is available, the matter should be transferred to the United States District Court for the District of Delaware.

## FACTS

The Answer admits that Plaintiff is a former employee of Defendant MBNA and that at the time of his separation, Plaintiff was employed as a First Vice President by MBNA (D.I. 1 at ¶ 17). Plaintiff was discharged in 2003 (D.I. 1 at ¶ 39).

Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") office in Philadelphia, Pennsylvania on June 24, 2003. EEOC Charge No. 170-2003-01345. Plaintiff received a Dismissal and Notice of Rights from the EEOC dated September 8, 2005. (D.I. 1 at Ex. A). Plaintiff instituted the present matter by filing a Complaint in the United States District Court for the Eastern District of Pennsylvania on December 5, 2005. (D.I. 1).

Plaintiff's Complaint names defendants MBNA America Bank, N.A. ("MBNA"), William Christie, Brett Smith, Dave Dizio, Johnni Churchman, and Stephanie Soer ("Individual Defendants"), (collectively, "Defendants"). Plaintiff's Complaint alleges race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, *et seq.* ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981"). (D.I. 1).

During all relevant times, Plaintiff worked at MBNA's New Castle County, Delaware facilities. (D.I. 1 at ¶ 4, ¶ 17); see Affidavit of Brian Gimlett, attached as Ex. A. The individual defendants named in Plaintiff's Complaint were Plaintiff's supervisors and managers and all worked in Delaware. (D.I. 1 at ¶¶ 5-9); Affidavit of Brian Gimlett. The individuals in the MBNA Personnel Department who were responsible for the Technology sector worked in an office in New Castle County,

2

Delaware. See Ex. A. That office managed, administered and maintained the personnel records of employees in the New Castle County, Delaware Technology Sector, including Plaintiff. See Ex. A. If Plaintiff had not been separated from employment with MBNA, he would have continued working in New Castle County, Delaware. See Ex. A..

On December 29, 2005, Defendants filed their Answer to the Complaint and asserted various Affirmative Defenses. (D.I. 2). Lack of subject matter jurisdiction, lack of jurisdiction over the persons, and improper venue were included in the Defendants' Affirmative Defenses. (D.I. 2). On January 19, 2006, Defendants filed their Motion to Transfer. This is Defendants' brief in support of their Motion to Transfer.

3

## ARGUMENT

Plaintiff has asserted claims under Section 1981 and Title VII.  Title VII's exclusive venue provision supersedes the general venue provision applicable in Section 1981 claims.  Venue can be determined by applying a "commonsense appraisal of events having operative significance." <u>James v. Booz-Allen & Hamilton, Inc.</u>, 227 F. Supp. 2d 16, 20 (D.D.C. 2002).  An analysis of the underlying allegations in Plaintiff's complaint makes clear that all of the relevant events took place in Delaware, rendering the Eastern District of Pennsylvania an improper venue for the present matter.  When venue is improper, 28 U.S.C. § 1406(a) directs the court to "dismiss, or if it be in the interest of justice, transfer such a case" to the proper district.  Therefore, because all of the facts and circumstances underlying Plaintiff's allegations occurred in Delaware, venue is improper in this District and the Court should transfer the present action to the United States District Court for the District of Delaware

## I.   VENUE IS IMPROPER IN THE EASTERN DISTRICT OF PENNSYLVANIA AND, THEREFORE, THE MATTER SHOULD BE TRANSFERRED TO DELAWARE.

Plaintiff's Complaint alleges race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, *et seq.* ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981").  (D.I. 1).  Under Title VII's exclusive venue provision, venue for Plaintiff's Title VII claim is clearly improper in the Eastern District of Pennsylvania (the "Eastern District") and should be transferred to the District of Delaware where all venue requirements are satisfied.

Further, Plaintiff's Section 1981 claim must also be transferred to Delaware.  The Title VII venue provision is exclusive and supersedes all other venue provisions, including the general venue provision, 28 U.S.C. § 1391.  <u>Bragg v. Hoffman</u>

4

Homes, Inc., C.A. No. 04-CV-4984, 2005 U.S. Dist. LEXIS 4821, at *3 (E.D. Pa. Feb. 2, 2005).

### A. Venue For Plaintiff's Title VII Claim Is Not Proper in the Eastern District of Pennsylvania.

Title VII claims are regulated by an exclusive venue provision. Pursuant to this provision, actions may be brought to enforce Title VII in any judicial district in the state in which: (i) the unlawful employment practice allegedly occurred; (ii) the employment records relevant to the practice are maintained and administered; (iii) the aggrieved person would have worked if not for the alleged unlawful employment practice; or (iv) the employer has its principal place of business, but only if the defendant cannot be found in any of the three preceding districts. 42 U.S.C. § 2000e5(f)(3). In this case, an application of the Title VII venue provision clearly demonstrates that venue does not lie in the Eastern District.

Under section 2000e5(f)(3), the Court's first inquiry focuses on the locus of the alleged discrimination. James, 227 F. Supp. 2d at 22. All of the alleged unlawful employment practices occurred in New Castle County, Delaware, at the MBNA facility where Plaintiff worked. (D.I. 1 at ¶ 4, 17). Plaintiff claims that Defendants engaged in unlawful race discrimination and retaliation against Plaintiff in connection with his employment with MBNA's Technology Sector, located in Delaware. (D.I. 1). The Complaint alleges that the individual defendant-managers perpetrated that discrimination while Plaintiff was under their supervision as an employee in the Technology Sector. (D.I. 1 at ¶¶ 5-9). And the Complaint alleges that MBNA Personnel officials, who worked in a Delaware office, retaliated against Plaintiff by terminating him upon the expiration of his disability leave. (D.I. 1 at ¶ 41).

Therefore, in the present matter, the discriminatory acts of operative significance were the conditions of employment endured by Plaintiff and his subsequent termination.  The Complaint does not assert that any of the challenged employment practices occurred in the Eastern District.  Because, at all relevant times, all of the named actors and decisionmakers worked in Delaware and because the allegedly discriminatory decisions were effectuated in Delaware, venue is proper only in Delaware, and not in the Eastern District.  See 42 U.S.C. § 2000e5(f)(3).

Similarly, the second prong of the Title VII venue statute also demonstrates that venue is not proper in the Eastern District.  Defendant maintains and administers its master set of employment records in Delaware.  See Ex. A.  None of the Plaintiff's personnel records are maintained and administered in the Eastern District.  See Ex. A.  Thus, Plaintiff does not meet his burden for establishing proper venue under the second prong of the Title VII statute.  42 U.S.C. § 2000e5(f)(3).

Also, Plaintiff cannot satisfy the third prong of the venue provision since he would not have worked in the Eastern District "but for" the alleged discrimination.  42 U.S.C. § 2000e5(f)(3).  "This requirement refers to the aggrieved individual's principal place of work, and not any district in which the individual's work might take him."  James, 227 F. Supp. 2d at 18.  It is undisputed that Plaintiff's principal place of work was in Delaware during his entire period of employment by Defendant MBNA.  (D.I 1 at ¶4; AFF).  Had Plaintiff continued his employment with MBNA following the expiration of his disability leave, he would have returned to his position in Delaware.  (D.I. 1 at ¶¶ 17, 4).  Plaintiff cannot demonstrate that, had the complained-of actions not occurred and he remained in the employ of MBNA, he would have somehow gone to work in the Eastern

6

District. In fact, MBNA has no facilities in the Eastern District, thereby eliminating that location as a potential job site for Plaintiff. See Ex. A. Because Plaintiff cannot demonstrate that "but for" the alleged discrimination, he would have worked in the Eastern District, venue in this District is improper.

The final venue option, based on location of the principal office of the defendant, is not available unless the defendant cannot be found in any other districts where venue is appropriate. 42 U.S.C. § 2000e5(f)(3). An evaluation of the first three prongs of the venue statute shows indisputably that venue does not lie in the Eastern District. This same analysis also reveals that venue could be properly asserted in Delaware. Therefore, the Court need not consider the fourth prong of the Title VII venue statute in determining whether venue is proper in this district. 42 U.S.C. § 2000e5(f)(3). Even if the Court were to address the fourth prong, it would nevertheless conclude that venue is improper in the Eastern District because MBNA is headquartered in Delaware, (D.I. 1 at ¶ 4), and maintains its principal place of business in Delaware, where it has several facilities and where it may be readily found. See Ex. A.

### B. Venue For Plaintiff's Section 1981 Claim Is Not Proper in the Eastern District of Pennsylvania.

Venue for Plaintiff's Section 1981 claim is also improper in the Eastern District. Unlike Title VII, Section 1981 does not contain a specific venue provision. See, e.g., Woolf v. Mary Kay, Inc., 176 F. Supp. 2d 642, 649 (N.D. Tex. 2001); 42 U.S.C. § 1981(a). Therefore, a Section 1981 claim, standing alone, is governed by the general venue statute, 28 U.S.C. §1391. However, when a plaintiff brings a Title VII claim and a Section 1981 claim together, "the narrower venue provision of section 2000e-5(f)(3) controls." James, 227 F. Supp. 2d at 20 (collecting cases). This Court has held that the

7

009626.1045

Title VII venue provision is exclusive and the general venue provision of 28 U.S.C. § 1391 does not apply.  Kravitz v. Inst. for Int'l Research, C.A. No. 92-5045, 1993 U.S. Dist. LEXIS 15669, at *5-6 (E.D. Pa. Nov. 5, 1993); accord Bragg, 2005 U.S. Dist. LEXIS 4821, at *3 ("The venue provision is exclusive for cases brought pursuant to Title VII and the general venue provision . . . does not apply.");  Stebbins v. Nationwide Mut. Ins. Co., 757 F.2d 364, 369 (D.C. Cir.), cert. denied, 396 U.S. 895 (1969); Silva v. Mayo Clinic, C.A. No. 04-1519, 2004 U.S. Dist. LEXIS 13262, at *4 (E.D. Pa. July 13, 2004) ("For employment discrimination cases, the Title VII venue provisions are exclusive."). Venue in a Title VII case is strictly limited by this provision, as evidenced by the clear Congressional intent to restrict venue only to those districts concerned with the alleged discrimination.  See Peary v. Tenet, C.A. No. 03-2212-JDB, 2004 U.S. Dist. LEXIS 27668, at *3 (D.D.C. May 12, 2004).  Because the Title VII venue provision is exclusive, an analysis under the general venue provision is improper.  See Thurmon v. Martin Marietta Data Sys., 596 F. Supp. 367, 360 (M.D. Pa. 1984).

> As discussed above, analysis of the Title VII venue provision proves that venue is improper in the Eastern District because the allegedly discriminatory acts took place in Delaware, not in the Eastern District, the documents relevant to this case are located in Delaware, not in the Eastern District, and Plaintiff would have worked in Delaware, not in the Eastern District, "but for" the alleged discrimination.

## II.  TRANSFER TO THE DISTRICT OF DELAWARE IS IN THE INTERESTS OF JUSTICE

> When the Court determines that venue is improper, the Court must either dismiss the case, or if transfer is in the interest of justice, transfer it to the proper venue under 28 U.S.C. § 1406(a).  The Title VII venue statute provides that when a case has

been filed in the wrong district, transfer under 28 U.S.C. § 1406(a) is appropriate to any judicial district where Plaintiff could have originally brought the case. James, 227 F. Supp. 2d at 24-25. Plaintiff could have originally brought his claim in Delaware, as Delaware meets all of the Title VII venue requirements.

Here, the Individual Defendants' allegedly unlawful interaction with Plaintiff occurred in Delaware, at the MBNA job-site. The decision to terminate Plaintiff was also made at MBNA facilities in Delaware. In addition, Plaintiff's employment records and MBNA's principal place of business are located in Delaware. Finally, had Plaintiff retained his position with MBNA's Technology Sector, he would have continued to work at the MBNA facilities in Delaware. In sum, the factors to be considered demonstrate that venue cannot lie in the Eastern District under the special venue provision of Title VII and, therefore, it would be in the interest of justice to transfer this matter to the United States District Court for the District of Delaware.

9

## CONCLUSION

For the foregoing reasons, Defendants MBNA America Bank, N.A.,

William Christie, Brett Smith, Dave Dizio, Johnni Churchman and Stephanie Soer

respectfully request that the Court transfer this action to the United States District Court

for the District of Delaware pursuant to 28 U.S.C. § 1406(a).

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Rolin P. Bissell  (PA No. 53829)
Sheldon N. Sandler (admitted *pro hac vice*)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6673
Facsimile: (302) 576-3330
ssandler@ycst.com
Attorneys for Defendants

DATED:       January 19, 2006

10

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2006, I electronically filed a true and correct

copy of **Defendants' Opening Brief In Support Of Their Motion To Transfer** with the Clerk

of the Court using CM/ECF, which will send notification that such filing is available for viewing

and downloading to the following counsel of record:

> Adrian J. Moody, Esquire
> Stacy L. Shields, Esquire
> The Law Offices of Adrian J. Moody, P.C.
> 1616 Walnut Street, Suite 700
> Philadelphia, PA 19103

I further certify that on January 19, 2006, I caused a copy of **Defendants'**

**Opening Brief In Support Of Their Motion To Transfer** to be served by United States First

Class mail on the following counsel of record:

> Adrian J. Moody, Esquire
> Stacy L. Shields, Esquire
> The Law Offices of Adrian J. Moody, P.C.
> 1616 Walnut Street, Suite 700
> Philadelphia, PA 19103

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Rolin P. Bissell  (PA No. 53829)
Sheldon N. Sandler (DE No. 245)(admitted *pro hac vice*)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6673
Facsimile: (302) 576-3330
ssandler@ycst.com
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUSSELL PAIGE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 05-CV-6273-PD |
| | ) | |
| MBNA AMERICA BANK, N.A., | ) | |
| WILLIAM CHRISTIE, BRETT SMITH, | ) | |
| DAVE DIZIO, JOHNNI CHURCHMAN | ) | |
| and STEPHANIE SOER, | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATION

Defendants having moved to transfer the captioned action to the District Court for the District

of Delaware and Plaintiff having no objection to the said transfer, the parties hereby stipulate that the

case is transferred to the United States District Court for the District of Delaware.

_____/s/_____Adrian J. Moody_____
Adrian J. Moody, Esquire (Pa. No. 35361)
Stacy L. Shields, Esquire (Pa. No. 71839)
LAW OFFICES OF ADRIAN J. MOODY, P.C.
1616 Walnut Street - Suite 700
Philadelphia, PA 19103
(215) 735-2400
ajmoody@bellatlantic.net
Attorney for Plaintiff


_____/s/_____Sheldon N. Sandler_____
Rolin P. Bissell  (PA No. 53829)
Sheldon N. Sandler (admitted *pro hac vice*)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6673
Facsimile: (302) 576-3330
ssandler@ycst.com
Attorneys for Defendants

DATED:  February 2, 2006

SO ORDERED THIS _____ day of _____, 2006

_____
United States District Judge



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RUSSELL PAIGE SMITH,                    )
                                        )        0 6      8 7
        Plaintiff,                      )
                        v.              )        C.A. No. 05-CV-6273-PD
                                        )
MBNA AMERICA BANK, N.A.,                )
WILLIAM CHRISTIE, BRETT SMITH,          )
DAVE DIZIO, JOHNNI CHURCHMAN            )
and STEPHANIE SOER,                     )
                                        )
        Defendants.                     )

**STIPULATION**

        Defendants having moved to transfer the captioned action to the District Court for the District

of Delaware and Plaintiff having no objection to the said transfer, the parties hereby stipulate that the

case is transferred to the United States District Court for the District of Delaware.

                        ___/s/___ Adrian J. Moody_____
                        Adrian J. Moody, Esquire (Pa. No. 35361)
                        Stacy L. Shields, Esquire (Pa. No. 71839)
                        LAW OFFICES OF ADRIAN J. MOODY, P.C.
                        1616 Walnut Street - Suite 700
                        Philadelphia, PA 19103
                        (215) 735-2400
                        ajmoody@bellatlantic.net
                        Attorney for Plaintiff


                        ___/s/___ Sheldon N. Sandler_____
                        Rolin P. Bissell  (PA No. 53829)
                        Sheldon N. Sandler (admitted *pro hac vice*)
                        YOUNG CONAWAY STARGATT & TAYLOR, LLP
                        The Brandywine Building, 17th Floor
                        1000 West Street, P.O. Box 391
                        Wilmington, Delaware 19899-0391
                        Telephone: (302) 571-6673
                        Facsimile: (302) 576-3330
                        ssandler@ycst.com
                        Attorneys for Defendants

DATED:  February 2, 2006

        SO ORDERED THIS 3rd day of Febrvary, 2006

                        _____
                        United States District Judge