## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**RUSSELL PAIGE SMITH**   :
1745 65th Avenue   :
Philadelphia, Pa. 19126-3412   :
           Plaintiff   :   CIVIL ACTION NO:_____
              :
     v.   :
              :
**MBNA AMERICA BANK, N. A,** is a   :
federally chartered banking association   :
headquartered in Wilmington,   :
Delaware, and having local offices at   :
1101 No. King Street   :
Wilmington, Delaware 19801-3372   :
              :
     and   :
              :
**WILLIAM CHRISTIE**, Individually and   :
in his Professional, Supervisory   :
Capacity as Senior Vice President of   :
Defendant MBNA Bank, Technological   :
Sector, having offices located at   :
P. O. Box 15021   :
Wilmington, Delaware 19850-0255   :
              :
     and   :
              :
**BRETT SMITH**, Individually and in his   :
Professional, Supervisory capacity as   :
Senior Executive Vice President of   :
Defendant MBNA Bank, Technological   :
Sector, having offices located at   :
P. O. Box 15021   :
Wilmington, Delaware 19850-0255   :
              :
     and   :
              :
**DAVE DIZIO**, Individually and in his   :
Professional, Supervisory capacity as   :
Senior Vice President of Defendant   :
MBNA Bank, Technological Sector   :
having offices located at   :

P. O. Box 15021  :
Wilmington, Delaware 19850-0255  :
                                 :
    and                          :
                                 :
**JOHNNI CHURCHMAN**, Individually  :
and in her Professional, Supervisory  :
Capacity as Executive Vice President  :
and Manager of Development of  :
Defendant MBNA Bank, Technological  :
Sector, having offices located at  :
P. O. Box 15021  :
Wilmington, Delaware 19850-0255  :
                                 :
    and                          :
                                 :
**STEPHANIE SOER**, Individually and  :
in her Professional, Supervisory  :
Capacity as Senior Executive Vice  :
President of Defendant MBNA Bank,  :
Technological Sector having offices  :
located at  :
P. O. Box 15021  :
Wilmington, Delaware 19850-0255  :
                                 Defendants  :

## COMPLAINT
## JURISDICTION, VENUE AND PARTIES

1. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by §1981a (hereinafter, "Title VII") 42 U. S. C. §1981, 42 U. S. C., §1981 and 42 U. S. C. §1988.  Jurisdiction is invoked pursuant to 28 U.S.C. §1331, §1332 and §1343.

2. 2. Venue is proper in this judicial district pursuant to 28 U.S.C 1332 in that Plaintiff is not a citizen of the State of the Named Defendants.

3. 3. Plaintiff RUSSELL PAIGE SMITH is a Black adult male and a citizen of the

State of Pennsylvania residing at 1742 65th Avenue, Philadelphia, Pennsylvania 19126.

4.  4.   Defendant MBNA America Bank, N.A., (hereinafter "MBNA") is a federally chartered national banking association with headquarters located at 1100 North King Street, Wilmington, Delaware 19884. Defendant MBNA operates, oversees and staffs as part of its banking business a Technological Sector, which offices located at P. O. Box 15021, Wilmington, Delaware 19850-0255.

5.  Defendant WILLIAM CHRISTIE (hereinafter "CHRISTIE") is an adult white male and Senior Executive Vice President of Defendant MBNA and its Technological Sector. Defendant CHRISTIE works for, on behalf of and in furtherance of the business interests of Defendant MBNA in a Senior Supervisory capacity, as a result of which Defendant MBNA is strictly liable for his acts and failures to act. At all times relevant hereto, Defendant CHRISTIE's acts and failures to act were the direct acts and failures to act of Defendant MBNA and its Technological Sector.

6.  Defendant BRETT SMITH (hereinafter "SMITH") is an adult white male and Senior Executive Vice President of Defendant MBNA and its Technological Sector. Defendant SMITH works for, on behalf of and in furtherance of the business interests of Defendant MBNA in a Senior Supervisory capacity, as a result of which Defendant MBNA is strictly liable for his acts and failures to act. At all times relevant hereto, Defendant SMITH's acts and failures to act were the direct acts and failures to act of Defendant MBNA and its Technological Sector.

7.  Defendant DAVE DIZIO (hereinafter "DIZIO") is an adult white male and Senior

Vice President of Defendant MBNA and its Technological Sector. Defendant DIZIO works for, on behalf of and in furtherance of the business interests of Defendant MBNA in a Senior Supervisory capacity, as a result of which Defendant MBNA is strictly liable for his acts and failures to act. At all times relevant hereto, Defendant DIZIO's acts and failures to act were the direct acts and failures to act of Defendant MBNA and its Technological Sector.

8. Defendant JOHNNI CHURCHMAN (hereinafter "CHURCHMAN") is an adult white female and Executive Vice President and Manager of Defendant MBNA's Technological Sector. Defendant CHURCHMAN works for, on behalf of and in furtherance of the business interests of Defendant MBNA in a Senior Supervisory capacity, as a result of which Defendant MBNA is strictly liable for her acts and failures to act. At all times relevant hereto, Defendant CHURCHMAN'S acts and failures to act were the direct acts and failures to act of Defendant MBNA and its Technological Sector.

9. Defendant STEPHANIE SOER (hereinafter "SOER") is an adult white female and Senior Executive Vice President of Defendant MBNA and its Technological Sector. Defendant SOER works for, on behalf of and in furtherance of the business interests of Defendant MBNA in a Senior Supervisory capacity, as a result of which Defendant MBNA is strictly liable for his acts and failures to act. At all times relevant hereto, Defendant SOER's acts and failures to act were the direct acts and failures to act of Defendant MBNA and its Technological Sector.

10. At all times material hereto, Defendant MBNA acted or failed to act through its authorized officers, supervisors, managers, employees, workmen, agents and

servants including, but not limited to, Officers, Supervisors and Managers WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI CHURCHMAN, and STEPHANIE SOER, and others whose identities will be disclosed during the course of discovery, and all of whom were at all times then and there acting as Bank Officers in Supervisory capacities for and on behalf of Defendant MBNA, and in furtherance of its business interests, and within the course and scope of their employment and Supervisory authority and authority as Bank Officers.

11. At all times material hereto, Defendant MBNA's Officers, Supervisors and Managers, including but not limited to, WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI CHURCHMAN, and STEPHANIE SOER, were acting in the course and scope of their agency and/or employment with and on behalf of and/or under the management, control and/or direction of Defendant MBNA, and set official policy for said Defendant MBNA Bank and its Technological Sector.

12. Because of their senior positions as bank officers, the acts and failures to act of Defendants WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI CHURCHMAN, and STEPHANIE SOER were the direct acts of Defendant MBNA bank and its Technological Sector.

13. At all times material hereto, the individual Defendants WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI CHURCHMAN, and STEPHANIE SOER, were acting intentionally, maliciously, conspiratorially, and in reckless disregard of the Plaintiff's right to be free from race discrimination and retaliation.

14. At all times relevant hereto, Defendant MBNA, acting by and through its Officers, Supervisors and Managers including, but not limited to, WILLIAM CHRISTIE,

BRETT SMITH, DAVE DIZIO, JOHNNI CHURCHMAN, and STEPHANIE SOER, all of whom were acting intentionally, conspiratorially and in furtherance of Defendant MBNA's business purpose, and who were also acting maliciously and in reckless disregard of the Plaintiff's right to be free from race discrimination and retaliation.

## ADMINISTRATIVE PROCEDURES

15. Plaintiff filed charges of race discrimination against Defendant MBNA Bank and its Technological Sector s with the Philadelphia District Office of the Equal Employment Opportunity Commission, Charge No. 170 - A30-1345.

16. Plaintiff also received a Notice of Right to Sue Within 90 Days from the U. S. Department of Justice dated September 8th, 2005. A copy of the Notice of Right to Sue" is attached and marked as Exhibit "A".

## BACKGROUND ALLEGATIONS

17. Plaintiff Smith was hired by Defendant MBNA as a Vice President for its Distributed Systems Division in 1996. He last worked for the Defendant as a First Vice President and Manager in the Defendant MBNA's Technology Section before going out on paid medical leave on September 4, 2002.

18. At all times relevant hereto, the character of the Plaintiff's employment was good, and he worked well with other employees and those he supervised.

19. However, by 1998, the atmosphere of racial hostility and animosity at Defendant MBNA has become so severe and pervasive that Plaintiff Smith filed a grievance against Defendant MBNA complaining of its racially -biased and hostile

atmosphere.

20. Thereafter, and for the remainder of his tenure at Defendant MBNA, Defendants WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI CHURCHMAN, and STEPHANIE SOER, in both their individual and professional capacities, agreed and conspired among themselves to deny him professional advancement opportunities and to create a hostile work environment for the Plaintiff with a view toward forcing him to leave his employment, and said Defendants did, in fact, subject the Plaintiff to such a hostile work environment in furtherance of their agreement.

21. Said Defendants WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI CHURCHMAN, and STEPHANIE SOER entered into said agreement and subjected the Plaintiff to a hostile work environment, characterized by the denial of professional advancement opportunities, the denial of the benefits of employment, and the exposure of the Plaintiff to personal indignities for no other reason than that the Plaintiff was Black.

22. For example, Defendant DIZIO excluded the Plaintiff from staff meetings and all other similar communications and denied the Plaintiff information he needed to perform his job effectively.

23. Although the Plaintiff was a Manager in the Quality Assurance section of the Technology Division, and in furtherance of her agreement with the other individual defendants, Defendant CHURCHMAN contributed to the hostile work environment under which the Plaintiff worked by constantly rejecting and repudiating the Plaintiff's expertise in the testing area and his work input, thus

minifying his skill, abilities and experiences.

24. In furtherance of her agreement with the other individual defendants, Defendant SOER contributed to the hostile work environment under which the Plaintiff worked by refusing to give him work assignments that related to his job.

25. With a view toward denying the plaintiff the benefits of his employment, further creating a hostile work atmosphere, and personally humiliating the Plaintiff, the only assignment Defendant SOER assigned the Plaintiff was the demeaning assignment of planning the Company picnic for 2002.

26. Defendant SOER then used the Plaintiff's planning of the company picnic as the basis of his employee evaluation.

27. Plaintiff Smith was eligible for promotion and salary raises in 1999 and 2000, but Defendants WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI CHURCHMAN, and STEPHANIE SOER, in furtherance of their agreement, blocked and sabotaged the Plaintiff's efforts to receive a work promotion.

28. Among themselves, Defendants WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI CHURCHMAN, and STEPHANIE SOER subjected the Plaintiff to personal and humiliating indignities by generating and circulating rumors about the Plaintiff's sex life, and circulating the rumor that he had once been a "pimp".

29. More specifically, said Defendants WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI CHURCHMAN, and STEPHANIE SOER, individually and jointly, repeatedly questioned the Plaintiff's co-workers and peers about the Plaintiff's personal life, and caused the Plaintiff to be accused of sexual harassment.

30. As a result of said individual Defendants' actions, the Plaintiff was given a letter

of reprimand in May 2002, which was placed in his work file, for "conduct Unbecoming in a Work Environment".

31. Said letter of reprimand was wholly unfounded and unwarranted, and was filed against him in furtherance of the agreement between said Defendant as described herein.

32. Similarly situated white managers were not subjected to unwarranted letters of reprimand, and Plaintiff Smith was subjected to such a letter for no other reason than that he was Black.

33. Defendants WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI CHURCHMAN, and STEPHANIE SOER, individually and jointly, subjected the Plaintiff to these personal and humiliating indignities for no other reason than that he was Black, and no other Managers similarly situated to the Plaintiff were subjected to such personal indignities and hostile work environment.

34. Plaintiff Smith complained to Defendant MBNA, by and through its People Relations Manager, Ms. Patti McGowan, about said hostile and personally humiliating treatment but Defendant MBNA ignored and dismissed the Plaintiff's complaints without investigating them.

35. In or about August 2002, the Plaintiff took part in a race discrimination lawsuit that was filed against Defendant MBNA by a group of its employees.

36. However, by September 2002, the atmosphere under which the Plaintiff was forced to work as a result of the joint and individual efforts of Defendants WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI CHURCHMAN, and STEPHANIE SOER had become so hostile and unprofessional that the Plaintiff

experienced such anxiety, anguish and humiliation that he was forced to apply for a medical leave of absence.

37. Defendant MBNA recognized that the Plaintiff suffered from a "serious health condition" and allowed him to go out on a paid medical leave of absence, designated as a Short Term Disability and Family Medical Leave pursuant to the MBNA company insurance policy Number 505, on September 5, 2002.

38. During his leave of absence, Plaintiff Smith regularly communicated with Defendant SOER, and Defendant MBNA's lead company nurse, Ms. Jacki Staker, that he intended to return to work, initially on February 3, 2003, but later on February 18, 2003.

39. However, and with a view toward denying the Plaintiff the benefits of his employment, and in retaliation for the Defendant's having complained of race discrimination and participated in the earlier-filed race discrimination suit, Defendant MBNA notified the Plaintiff that his twelve (12) weeks of leave under the Family Leave and Medical Act (FMLA) would expire on November 27, 2002 and that his re-eligibility for such leave FMLA leave would begin on September 6, 2003.

40. In further retaliation for the Defendant's having complained of race discrimination and participated in the earlier-filed race discrimination suit, Defendant MBNA also notified the Plaintiff in December 2002 /that his benefits would be discontinued as of January 20, 2003.

41. Thereafter, on February 14, 2003, just before the Plaintiff had planned to return to work, and in further retaliation for the Defendant's having complained of race

discrimination and participated in the earlier-filed race discrimination suit, Defendant MBNA notified the Plaintiff, via a telephone call from Ms. Tamika Sainten, HR Manager, that his job security had expired due to the length of his illness, that he would be placed in an unpaid leave status for six months, and that he would be required to "network" and identify a suitable position to which he could return. Failing his ability to identify a position to which he could return, he was out of a job.

42. In effect, then, and in retaliation for the Defendant's having complained of race discrimination and participated in the earlier-filed race discrimination suit, Defendant MBNA effectively terminated the Plaintiff from his position.

43. As a direct and proximate result of the above acts and failures to act by the Defendants, individually and jointly, the Plaintiff suffered insult, racial oppression, degradation, humiliation and severe emotional distress requiring medical attention.

44. As a further direct and proximate result of the above described acts and failures to act, the Plaintiff further suffered loss of income, loss of work experience, and a diminution in his professional and employment stature.

45. As a further direct and proximate result of Defendant MBNA's acts and failures to act, by and through its Managers and Supervisors, the Plaintiff was adversely affected in his employment status, and has been impaired in future efforts to locate other employment.

**FEDERAL CLAIMS**

### COUNT I:   Plaintiff -v- Defendant MBNA Bank
### (Violation of 42 U. S. C. §2000e-2(a)(1)

46. The Plaintiff here incorporates all the allegations in the preceding paragraphs as if the same were fully set forth here.

47. The acts and failures to act of Defendant MBNA Bank, made by and through its Managers, Supervisors, agents, workmen, employees and Supervisors, including Defendants WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI CHURCHMAN, and STEPHANIE SOER, specifically the acts of discriminating against the Plaintiff on the basis of his race by denying him employment rights and privileges afforded white employees, discriminated against the Plaintiff in the terms, conditions and privileges of his employment.

48. The acts and failures to act of Defendant MBNA Bank, made by and through its Managers, Supervisors, agents, workmen, employees and Supervisors, as described herein, constituted an unlawful employment practice proscribed by 42 U. S. C. §2000e-2(a)(1).

**WHEREFORE**, the Plaintiff respectfully requests this Honorable Court to enter Judgment in his behalf against Defendant MBNA Bank in excess of One Hundred Thousand Dollars ($100,000.00).  Furthermore, the Plaintiff is entitled to and demands, pursuant to 42 U. S. C. §1988, all costs, fees, expenses and attorneys fees.

### COUNT II:   Plaintiff -v- Defendant MBNA Bank
### (Violation of 42 U. S. C. §2000e-2(a)(2)

49. The Plaintiff here incorporates all the allegations in the preceding paragraphs as if the same were fully set forth here.

50. The acts and failures to act of Defendant MBNA Bank, made by and through its Managers, Supervisors, agents, workmen, employees and Supervisors, including Defendants WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI CHURCHMAN, and STEPHANIE SOER, specifically the acts of discriminating against the Plaintiff on the basis of his race by subjecting her, *inter alia*, to unwarranted criticism and inquiry into his personal life, deprivation of promotion opportunities and other privileges of employment, all on the basis of his race, which is Black, discriminated against the Plaintiff by limiting and classifying him in such a way as to deprive the Plaintiff of his employment opportunities with Defendant MBNA Bank.

51. The acts and failures to act of Defendant MBNA Bank, made by and through its Managers, Supervisors, agents, workmen, employees and Supervisors, constituted an unlawful employment practice proscribed by 42 U. S. C. §2000e-2(a)(2).

   **WHEREFORE**, the Plaintiff seeks Judgment in his behalf against Defendant MBNA Bank in excess of One Hundred Thousand Dollars ($100,000.00). Furthermore, the Plaintiff is entitled to and demands, pursuant to 42 U. S. C. §1988, all costs, fees, expenses and attorneys fees.

### COUNT III:   Plaintiff -v- Defendant MBNA Bank
### (Violation of 42 U. S. C. §2000e-3(a))

52. The Plaintiff here incorporates all the allegations in the preceding paragraphs as if the same were fully set forth here.

53. The acts and failures to act of Defendant MBNA Bank, made by and through its

Managers, Supervisors, agents, workmen, employees and Supervisors, including Defendants WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI CHURCHMAN, and STEPHANIE SOER, specifically the acts of terminating early the Plaintiff's sick benefits and then denying him the benefits of his seniority, and thereby effectively terminating him from his employment, were made solely to retaliate against the Plaintiff for his having complained about the treatment afforded him by Defendants WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI CHURCHMAN, and STEPHANIE SOER, and for having participated in a race discrimination suit against Defendant MBNA, all of which was constitutionally protected activity.

54. The acts and failures to act of Defendant MBNA Bank, made by and through its Managers, Supervisors, agents, workmen, employees and Supervisors, including Defendants WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI CHURCHMAN, and STEPHANIE SOER, constituted an unlawful employment practice proscribed by 42 U. S. C. §2000e-3(a).

    **WHEREFORE**, the Plaintiff seeks Judgment in his behalf against Defendant MBNA Bank in excess of One Hundred Thousand Dollars ($100,000.00).  Furthermore, the Plaintiff is entitled to and demands, pursuant to 42 U. S. C. §1988, all costs, fees, expenses and attorneys fees.

### COUNT IV:   PLAINTIFF -v- DEFENDANTS MBNA BANK, WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI CHURCHMAN, and STEPHANIE SOER (VIOLATION of 42 U. S. C. §1981)

55. The Allegations contained in all preceding Paragraphs are here incorporated and included by reference as if fully set forth here.

56. 42 U. S. C. §1981 provides, in relevant part, that "all persons ... shall have the

same right ... to make and enforce contracts ... as is enjoyed by white citizens." 42 U.S.C. §1981 (1982), and includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

57. The Plaintiff enjoyed a right make and enforce hisr employment contract, which included the right to enjoy and enforce the rights and privileges afforded by seniority and sick leave as were enjoyed and enforced by white employees, and the right to equal conditions of employment as were enjoyed by white employees.

58. The Defendants' acts and failures to act, as described herein, individually and jointly, deprived the Plaintiff of his right to make and enforce contracts, specifically his right to enjoy and enforce equal employment conditions, benefits and rights as were enjoyed by white employees.

59. The Defendants acted and failed to act, as described hereof, to deprive the Plaintiff of his right to make and enforce contracts by denying him the rights and privileges of his employment, solely because of his race, which is black.

60. The Defendants' individual and joint conduct, as described herein, deprived the Plaintiff of her rights as guaranteed her under 42 U. S. C. §1981.

**WHEREFORE**, the Plaintiff seeks compensatory damages from the Defendants, individually and/or jointly, in excess of One Hundred Thousand Dollars ($100,000.00). Furthermore, the Plaintiff is entitled to and demands, pursuant to 42 U. S. C. §1988, all costs, fees, expenses and attorneys fees.

Respectfully submitted,

**THE LAW OFFICES OF ADRIAN J. MOODY, P.C.**

BY: _____
     Adrian J. Moody, Esquire

BY: _____
     Stacy L. Shields, Esquire
     Attorney Id #35361 and 71839
     1616 Walnut Street, Suite #700
     Philadelphia, PA. 19103-5307
     215-735-2400

     Attorneys for the Plaintiff, Russell P. Smith