IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUSSELL PAIGE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 2:05-CV-06273-PD |
| | ) | |
| MBNA AMERICA BANK, N.A., | ) | |
| WILLIAM CHRISTIE, BRETT SMITH, | ) | |
| DAVE DIZIO, JOHNNI CHURCHMAN | ) | |
| and STEPHANIE SOER, | ) | |

## ANSWER

Defendants MBNA America Bank, N.A., William Christie, Brett Smith, Dave Dizio, Johnni Churchman and Stephanie Soer answer Plaintiff's Complaint as follows:

1.  Denied that jurisdiction is properly invoked. No additional answer necessary.

2.  Denied.

3.  Defendants do not have sufficient information to admit or deny this averment.

4.  Admitted.

5.  Denied, except admitted that Defendant Christie is an adult, white male and Senior Executive Vice President of Defendant MBNA.

6.  Denied, except admitted that Defendant Smith is an adult, white male.

7.  Denied, except admitted that Defendant Dizio is an adult, white male employed by Defendant MBNA.

8.  Denied, except admitted that Defendant Churchman is an adult, white female.

9. Denied, except admitted that Defendant Soer is an adult, white female employed by Defendant MBNA.

10. Defendants do not have sufficient information to admit or deny this averment.

11. Defendants do not have sufficient information to admit or deny this averment.

12. Denied.

13. Denied.

14. Denied.

15. Admitted.

16. Admitted.

17. Admitted.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Admitted that Plaintiff was given a reprimand. Otherwise, denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Admitted.

36. Admitted.

37. Admitted.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Defendants incorporate herein by reference all of the answers in the preceding paragraphs.

47. Denied.

48. Denied.

49. Defendants incorporate herein by reference all of the answers in the preceding paragraphs.

50. Denied.

51. Denied.

52. Defendants incorporate herein by reference all of the answers in the preceding paragraphs.

53. Denied.

54. Denied.

55. Defendants incorporate herein by reference all of the answers in the preceding paragraphs.

56. Admitted.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. The Court lacks jurisdiction over the subject matter of the claims.

3. The Court lacks jurisdiction over the persons.

4. Venue is improper.

5. To the extent Plaintiff's complaint was not filed within ninety (90) days of his receipt of a Notice of Right to Sue, all claims arising out of the underlying charge are time-barred.

6. To the extent the Complaint is based upon conduct not the subject of a timely filed charge of discrimination, Plaintiff's claims are barred for failure to exhaust administrative remedies.

7. Defendants deny that they acted with malice or reckless indifference to the rights of Plaintiff.

8. Although Defendant MBNA denies that Plaintiff was exposed to a hostile work environment, Defendant MBNA asserts that it exercised reasonable care to prevent and correct promptly any allegedly harassing behavior, and the Plaintiff has unreasonably failed to take advantage of any preventive or corrective opportunity provided or to avoid harm otherwise.

9. To the extent Plaintiff's hostile environment claim is based on untimely conduct, those acts are barred by the doctrine of laches.

10. Notwithstanding Defendants' general denials and previous affirmative defenses herein, to the extent Plaintiff establishes that his race was a determinative factor for any employment decision challenged herein, Defendants affirmatively state that they would have taken the same action in the absence of such a factor.

11. To the extent Plaintiff's claims pursuant to Section 1981 are based on conduct occurring more than two (2) years prior to the filing of his Complaint, all such claims are time-barred.

12. To the extent Plaintiff has failed to mitigate his damages, he is barred from recovering from Defendants.

WHEREFORE, Defendants demand that the Complaint be dismissed with attorneys' fees and costs assessed against Plaintiff.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Rolin P. Bissell

Rolin P. Bissell (PA No. 53829)
Sheldon N. Sandler (DE Bar I.D. 0245)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6673
Facsimile: (302) 576-3330
ssandler@ycst.com
Attorneys for Defendants

DATED:   December 29, 2005

## CERTIFICATE OF SERVICE

I, Rolin P. Bissell, hereby certify that on December 29, 2005, I caused a copy of the foregoing Answer to be served by electronic filing and by United States first-class mail, postage prepaid, to:

The Law Offices of Adrian J. Moody, P.C.
Adrian J. Moody, Esquire
Stacy L. Shields, Esquire
1616 Walnut Street, Suite 700
Philadelphia, PA  19103-5307

The document is available for viewing and downloading from the ECF system.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Rolin P. Bissell (PA No. 53829)
Sheldon N. Sandler (DE No. 245)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600

Attorneys for Defendant