IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RUSSELL PAIGE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-087-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| MBNA AMERICA BANK NA, WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI CHURCHMAN, and STEPHANIE SOER, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF FRONT AND BACK PAY DAMAGES**

Defendants hereby move to exclude from evidence at trial any reference to front or back pay damages, and in support thereof, aver the following:

1. Any recovery including back-pay should not include a period in which Plaintiff was not seeking full-time employment. Any evidence regarding lost wages from such a time period is irrelevant to the issue of damages and should be excluded from evidence in accordance with Rule 402 of the Federal Rules of Evidence.

2. An employer's back pay liability is not to be increased as a result of losses willingly incurred by Plaintiff. *See Brady v. Thurston Motor Lines, Inc.*, 753 F.2d 1269, 1278 (4th Cir. 1984) (citing *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231 (1982)). Where a plaintiff voluntarily removes himself from the job market for personal reasons, the employer cannot be expected to cover these losses. *See*, *e.g.*, *DiSalvo v. Chamber of Commerce of Kansas City*, 568 F.2d 593, 598 (8th Cir. 1978) (citing *Mastro Plastics Corp.*, 136 N.L.R.B. 1342 (1962)) (disallowing back pay after claimant left her

subsequent job for a reason other than to seek a new job and she would have left her original job as well).

3. The Third Circuit has set forth clear limits on damages during periods when the plaintiff is unavailable for work. In *Davis v. U.S. Steel,* No. 80-2571, 1981 U.S. App. LEXIS 17407 (3d Cir. 1981), the court addressed the issue of damages for race discrimination that resulted in the plaintiff's termination. The plaintiff was not entitled to recover damages while she cared for her sick father on a full-time basis, thereby removing herself from the job market. Id. at *45. As admirable as this conduct might be, she was no longer ready, able and willing to accept comparable employment and, therefore, could not make a claim for damages during this time. Id. at *67.

4. Where the plaintiff fails to mitigate his damages, back-pay is cut off and front pay is foreclosed. *Caufield v. The Ctr. Area Sch. Dist.*, No. 04-2538, 2005 U.S. App. LEXIS 9278, at *14 (3d Cir. May 20, 2005) ("When an employer successfully proves a failure to mitigate, any back-pay award to an aggrieved employee will be cut off or reduced beginning at the time of the employee's failure to mitigate and any front-pay award will be foreclosed."). Plaintiffs who voluntarily remove themselves from the job market have not adequately mitigated their damages. See *Hawkins v. 1115 Lega Serv. Care*, 163 F.3d 684, 696 (2d Cir. 1998).

5. At his deposition, Plaintiff testified as follows:

> Q  when did you begin as owner of your own company?
> A  Our first attempt was back in 2004, I believe.
> Q  Okay.
> A  And then I restarted the company in October of 2005.
> Q  Is that because the first attempt failed?
> A  Well, it was a depressed market as far as information technology services were concerned. A lot of

>     companies were going out of business. So it was tough
> for a start-up. Tough period for a start-up.

At p. 27. He had wanted to be a "business owner" since the age of 16 or 17. The business was actually established in 2003. Smith Deposition, page 40.

Plaintiff's decision to go into business for himself was unreasonable and shows Plaintiff's failure to mitigate damages. In *Coleman v. Lane*, the court found that the plaintiff's decision to go into business for himself was unreasonable where the plaintiff did not search for substantially similar employment while being unemployed, and had no experience as an entrepreneur. 949 F. Supp. 604, 612 (N.D. Ill. 1986). Similarly in this case, Defendants can not be required to "subsidize" Plaintiff's new business venture. *See*, *e.g.*, *Hopkins v. Price Waterhouse*, 737 F. Supp. 1202, 1215 (D.D.C. 1990) (declaring claimant responsible for her lost backpay because it was her decision to take the risk of self-employment instead of seriously attempting to secure comparable employment).

6. Here, it is undisputed that Plaintiff voluntarily removed himself from the job market by starting his own consulting business in 2003 and restarting it in October 2005. Plaintiff's ability to recover damages in the form of back-pay is cut off as of the date he began his consulting business and he is precluded from collecting any front pay award after this date. *See Caulfield*, 2005 U.S. App. LEXIS at *14.

7. From April to October 2005, Plaintiff was employed by Comcast as a "senior director of their quality engineering group," earning $130,000 a year with a $30,000 signing bonus and benefits equivalent to those at MBNA. Smith Deposition, pages 27-8. He claims he resigned voluntarily from Comcast to restart his consulting business in October 2005. Smith Deposition, pages 27-28. Plaintiff's voluntary

3

resignation from his employment with Comcast, where his income was the same as at Defendant MBNA, also cuts off his ability to collect back pay as of the date of his resignation.  See *Brady v. Thurston Motor Lines*, 753 F.2d 1269 (4th Cir. 1985); followed by *Gallo v. John Powell Chevrolet, Inc.*, 779 F. Supp. 804, 813 (M.D. Pa. 1991). Plaintiffs must act with reasonable diligence in both seeking and in maintaining subsequent employment.  This duty includes an obligation "to make reasonable and good faith efforts to maintain that job once accepted."  See *Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927, 936 (5th Cir. 1996); *EEOC v. Delight Wholesale Co.*, 973 F.2d 664, 670 (8th Cir. 1992) ("A Title VII claimant seeking either back pay or front pay damages has a duty to mitigate those damages by exercising reasonable diligence to locate other suitable employment and maintain a suitable job once it is located."); *Leidel v. Ameripride Servs., Inc.*, 276 F. Supp. 2d 1138, 1145 (D. Kan. 2003) ("The duty to mitigate damages includes the obligation to make reasonable and good faith efforts to maintain suitable replacement employment once it has been found.").  Therefore, evidence of Plaintiff's alleged damages incurred after his voluntary resignation from employment with Comcast should be excluded.  *NLRB v. Ryder Sys., Inc.*, 983 F.2d 705, 712 (6th Cir. 1993) (an employee's "willful loss of earnings" incurred by his voluntary resignation of subsequent employment tolls the employer's back-pay liability).

       8.      Finally, Plaintiff applied for Social Security Disability Benefits on July 14, 2004, which were granted on January 15, 2005.  Smith Deposition, pages 170-171.  Based on Plaintiff's representations to the Social Security Administration, he was found to have been disabled as of September 6, 2002.  Though precluded by the applicable law from collecting retroactive benefits for more than 12 months before the

4

month of his filing, he was determined to have been unable to work by the SSA as of September 6, 2002.  Because Plaintiff represented to a federal agency that he was disabled as of September 6, 2002, he is precluded from recovering damages after that date.  Any evidence relating to alleged damages incurred following that date should be excluded as irrelevant.

9. A plaintiff who is injured or becomes ill subsequent to a discriminatory or otherwise unlawful termination is considered to have left the job market or is otherwise unemployable, thus tolling any back-pay damages.  *See Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 401 (3d Cir. 1976) (holding back-pay period tolled during period of illness).  Once Plaintiff became unable to work, he was no longer eligible for an award of back-pay until he again became a ready, willing and able participant in the job market.  Here, Plaintiff became disabled on September 6, 2002, and claimed that he was precluded from again obtaining work due to his disability.  The result of Plaintiff's removal from the job market as a result of being determined to be disabled is to preclude him from claiming any back or front pay damages as of September 6, 2002.  Any evidence of damages allegedly incurred after this date, therefore, are irrelevant to the present matter and should be excluded.  See *Fed. R. Evid. 401, 402, 403*.

WHEREFORE, Defendants respectfully request this Honorable Court to enter an order excluding from evidence at trial any reference to front or back pay damages.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Sheldon N. Sandler
Sheldon N. Sandler, Esquire (No. 245)
Margaret M. DiBianca, Esquire (No. 4539)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391, Wilmington, Delaware  19899-0391
Telephone: (302) 571-6673, 571-5008
Facsimile: (302) 576-3330, 576-3476
Email:  ssandler@ycst.com, mdibianca@ycst.com
Attorneys for Defendants

DATED:  February 7, 2007