IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RUSSELL PAIGE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-087-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| MBNA AMERICA BANK NA, WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI CHURCHMAN, and STEPHANIE SOER, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE
TIME-BARRED EVIDENCE**

Defendants MBNA America Bank NA, William Christie, Brett Smith, Dave Dizio, Johnni Churchman, and Stephanie Soer, by and through their undersigned attorneys, hereby move to exclude from evidence at trial any evidence relating to events that occurred outside of the relevant time periods, and in support thereof, aver the following:

      1.      Defendants anticipate that Plaintiff will attempt to introduce evidence that occurred outside of the legally relevant time periods.  Incidents that occurred more than 300 days prior to the date Plaintiff filed his Charge of Discrimination on May 14, 2003,[*] *i.e.*, before July 18, 2002, or more than four years before Plaintiff filed

---

[*] Plaintiff's Charge is dated December 31, 2002, but refers to events as late as February 14, 2003.  Notes in the EEOC Case Log state that before it was filed, the Plaintiff contacted the EEOC on 7 occasions to "change wording in the charge."  On May 3, 2003, the EEOC informed Plaintiff of "the urgency in signing his charge and returning it."  On May 14, 2003, the charge was received and docketed by the EEOC.  MBNA received notice of the Charge on June 23, 2003.

his lawsuit under § 1981 on December 5, 2005, *i.e.*, before December 5, 2001, are time-barred and should be excluded.

2. Allegedly discriminatory acts which occurred more than 300 days before Plaintiff filed his Charge are not actionable unless there is a continuing violation. AMTRAK v. Morgan, 536 U.S. 101 (2002). Here, Plaintiff has not alleged a continuing violation. Instead, he points to several unrelated discrete incidents involving different decisionmakers over an extended period of time.

3. Because Plaintiff alleges discrete incidents of discrimination and does not allege, nor can he prove, a continuing violation, evidence of any alleged acts of discrimination which occurred more than 300 days before Plaintiff filed his Charge, and any acts not included in the Charge, should be excluded. Frazier v. Ind. Dep't of Labor, No. 01-198, 2003 U.S. Dist. LEXIS 9073 (S.D. Ind. Mar. 17, 2003).

4. Only evidence that occurred during the applicable statute of limitations is eligible for admission. See Boyer v. Johnson Matthey, Inc., No. 02-8382, 2005 U.S. Dist. LEXIS 171, at *5 (E.D. Pa. Jan. 7, 2005). Plaintiff's claim filed under Section 1981 is subject to a four-year statute of limitations. Id. at *11 (finding that the four-year statute of limitations shall apply where the plaintiff could not have made his claims before 1991). Plaintiff may not submit any evidence that occurred prior to December 5, 2001 as support of his claims, without providing an independent basis for the submission. See Rush v. Scott Specialty Gases, Inc., 113 F.3d 476 (3d Cir. 1997).

5. Because Plaintiff cannot provide an independent basis that would justify the submission of evidence that occurred outside the permissible time period, all

time-barred evidence should be excluded. Evidence of acts prior to the statutory time period is excludable under Rules 401, 402, and 403 of the Federal Rules of Evidence.

    6. Thus all evidence of events that occurred while Plaintiff was being managed by Defendant DiZio should be excluded, as well as all evidence from the time Plaintiff was being managed by Defendant Churchman prior to December 5, 2001.

    WHEREFORE, Defendants respectfully request this Honorable Court to enter an order excluding from evidence at trial any evidence relating to events that occurred outside of the relevant time periods.

    YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Sheldon N. Sandler
Sheldon N. Sandler, Esquire (No. 245)
Margaret M. DiBianca, Esquire (No. 4539)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391, Wilmington, Delaware 19899-0391
Telephone: (302) 571-6673, 571-5008
Facsimile: (302) 576-3330, 576-3476
Email:  ssandler@ycst.com, mdibianca@ycst.com
Attorneys for Defendants

DATED: February 7, 2007