IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RUSSELL PAIGE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-087-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| MBNA AMERICA BANK NA, WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI CHURCHMAN, and STEPHANIE SOER, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE
UNEMPLOYMENT INSURANCE APPEALS REFEREE'S DECISION**

Defendants MBNA America Bank NA, William Christie, Brett Smith, Dave Dizio, Johnni Churchman, and Stephanie, Soer by and through their undersigned attorneys, hereby move to exclude from evidence at trial any reference to the decision of the Delaware Department of Labor ("DDOL") Division of Unemployment Insurance Appeals Referee, and in support thereof, aver the following:

      1.    The Unemployment Insurance Appeal Board Referee's decision is inadmissible for several reasons.

      2.    United States Supreme Court precedent prevents the admission of this evidence. In <u>Astoria Federal Savings & Loan v Solimino</u>, the Supreme Court held that "federal courts should recognize no preclusion by state administrative findings" with respect to employment discrimination claims. 501 U.S. 104, 110 (1991).

      3.    In applying <u>Astoria</u>, the Third Circuit has ruled that the twin goals of the unemployment system would be undermined if unemployment decisions were

given preclusive effect.  Swineford v. Snyder County Pa., 15 F.3d 1258, 1268 (3d Cir. 1994).  The court noted that the procedures of the unemployment system are designed to be fast and informal to enable deserving applicants to receive quick, basic compensation.  Id. at 1268-69.  If these decisions were given preclusive effect, employers would litigate the claims far more vigorously, resulting in protracted hearings and slowing the receipt of benefits.  Id.

       4.     These concerns have resulted in the exclusion of evidence relating to the findings of Unemployment Compensation decisions from federal discrimination claims largely because they are deciding different facts under different standards of law.  See Baur v. M&M/Mars, No. 99-606, 2001 U.S. Dist. LEXIS 24162, at *20 (E.D. Pa. Oct. 22, 2001).  While an unemployment board or referee determines only whether the plaintiff is not entitled to unemployment benefits due to engaging in willful misconduct, the matter to be decided by this Court is whether Plaintiff was subjected to unlawful discrimination and retaliation using the standards developed by and contained in the proper body of case law.  See Flick v. Aurora Equip. Co., Inc., No. 032508, 2004 U.S. Dist. LEXIS 4304, at *12-13 (E.D. Pa. Jan. 16, 2004).

       5.     The Unemployment Referee's findings present a substantial risk of unfair prejudice to Defendants, as well.  See id. at *12 (excluding evidence of Unemployment Board, in part, because of the "substantial risk" of confusion).  And, the probative value of the Board's decision is minimal, if any.  See Blumensaadt v. Stand. Prods. Co., 744 F. Supp. 160, 169 (N.D. Ohio 1989), aff'd, 911 F.2d 731 (6th Cir. 1990) (finding these determinations by state agencies are often lacking any probative value).

6. In this case, the Plaintiff was not terminated for alleged misconduct but rather, was on disability leave and was only terminated after all of his designated leave expired, in accordance with MBNA's applicable policy. No representative of the employer appeared at the Referee's hearing, and the only evidence presented was that of the Plaintiff.

WHEREFORE, Defendants respectfully request this Honorable Court to enter an order excluding any reference to the findings of the DDOL's Unemployment Insurance Division.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Sheldon N. Sandler
Sheldon N. Sandler, Esquire (No. 245)
Margaret M. DiBianca, Esquire (No. 4539)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391, Wilmington, Delaware  19899-0391
Telephone: (302) 571-6673, 571-5008
Facsimile: (302) 576-3330, 576-3476
Email:  ssandler@ycst.com, mdibianca@ycst.com
Attorneys for Defendants

DATED:  February 7, 2007