IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RUSSELL PAIGE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-087-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| MBNA AMERICA BANK NA, WILLIAM CHRISTIE, BRETT SMITH, DAVE DIZIO, JOHNNI CHURCHMAN, and STEPHANIE SOER, | ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE
OF UNCORROBORATED STATEMENTS**

Defendants MBNA America Bank NA, William Christie, Brett Smith, Dave Dizio, Johnni Churchman, and Stephanie Soer, by and through their undersigned attorneys, hereby move to exclude from evidence at trial any evidence relating to certain uncorroborated statements, and in support thereof, aver the following:

1.  Defendants anticipate that Plaintiff may attempt to submit evidence in the form of testimony by former co-workers regarding discriminatory practices.[*] This evidence constitutes inadmissible lay opinion testimony and should be excluded for several reasons.

2.  Any co-worker opinion testimony that would be offered in the present case is irrelevant under Rule 401 of the Federal Rules of Evidence. Fed. R. Evid. 401. It is the perception of the decision-maker that is relevant, as opposed to Plaintiff's

---

[*] Plaintiff has failed to identify his witnesses to Defendants prior to the deadline for submissions of Motions in Limine. Defendants, therefore, are unable to determine the necessity of filing this Motion in Limine without speculating as to the nature of Plaintiff's intended evidence, and are filing this motion out of an abundance of caution.

own self-assessment or that of co-workers who did not directly supervise or evaluate his performance.  See Kephart v. Inst. of Gas Tech., 630 F.2d 1217, 1223 (7th Cir. 1980) (judgments of co-workers who thought plaintiff's work was good is irrelevant to the issue of the quality of work as assessed by his supervisors); DeJarnette v. Corning, Inc., 133 F.3d 293, 299 (4th Cir. 1998) (perception of decision-maker is relevant, not self-perception or perception by peers).

       3.      Opinion testimony of "other bad acts" alleged by current or former employees is not only irrelevant but also highly prejudicial and excludable on those grounds.  See Bhaya v. Westinghouse Elec. Corp., 922 F.2d 184, 188 (3d Cir. 1990) (evidence that party committed wrongs other than those at issue creates danger of unfair prejudice).  The danger of unfair prejudice that would necessarily be entwined with testimony of any "prior bad acts" warrants the exclusion of such evidence.  Fed. R. Evid. 403.

       4.      Evidence of conduct by employees other than the decision-makers at issue in the present case is not probative of discrimination and should be excluded. See Ambruster v. Unisys Corp., 32 F.3d 768, 779 (3d Cir. 1994) (evidence of conduct by others not probative of discrimination); Williams v. Pharmacia, 137 F.3d 944, 950-51 (7th Cir. 1998) (same)

       5.      Evidence of treatment of employees who worked in a different department or had a different supervisor than Plaintiff is irrelevant.  See Curtis v. Ok. City Bd. of Educ., 147 F.3d 1200, 1217-18 (10th Cir. 1998) (rejecting testimony of unfair treatment by employee witnesses who worked in different departments and had different supervisors); Williams v. Nashville Network, 132 F.3d 1123, 1129-31 (6th Cir. 1997)

(proposed witness could testify only about circumstances different from plaintiff's and was precluded from testifying)

6. Further, testimony from these witnesses regarding their opinions as to why Plaintiff was subjected to any adverse employment action should also be excluded. See, e.g., Wells v. Unisource Worldwide, Inc., 289 F.3d 101, 1007 (7th Cir. 2002) ("conclusory assertions [by a co-worker] about a decision-maker's racial prejudice are insufficient to establish pretext"); Woythal v. Tex-Tenn Corp., 112 F.3d 243, 247 (6th Cir. 1997) ("mere personal belief, conjecture and speculation . . . are insufficient to support an inference of . . . discrimination"); Visser v. Packer Eng'g Assoc., Inc., 924 F.2d 655, 659 (7th Cir. 1991) (holding that speculation by disgruntled employees as to employer's discriminatory motive did not constitute admissible evidence).

7. Any conceivable probative value of proffered co-worker testimony is outweighed by the danger of unfair prejudice to Defendants. Even if the Court finds that the testimony is relevant, the testimony should still be excluded because the danger of prejudice outweighs any probative value, would waste time, and result in the needless presentation of cumulative evidence. See Moorhouse v. Boeing Co., 501 F. Supp. 390 (E.D. Pa.), aff'd, 639 F.2d 774 (3d Cir. 1980) (danger of unfair prejudice, confusion of the issues, undue delay, waste of time and needless presentation of duplicative evidence).

WHEREFORE, Defendants respectfully request this Honorable Court to enter an order excluding from evidence at trial any evidence relating to certain, uncorroborated statements proffered by Plaintiff.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Sheldon N. Sandler
Sheldon N. Sandler, Esquire (No. 245)
Margaret M. DiBianca, Esquire (No. 4539)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391, Wilmington, Delaware  19899-0391
Telephone: (302) 571-6673, 571-5008
Facsimile: (302) 576-3330, 576-3476
Email:  ssandler@ycst.com, mdibianca@ycst.com
Attorneys for Defendants

DATED:  February 7, 2007