March 1, 2007

Honorable Susan Robinson
**United States District Court**
**For District of Delaware**
844 King Street
Wilmington, DE 19801

        Re:    Russell Paige Smith – v – MBNA AMERICA
                 Civil Action No.: 06-087-SLR

Dear Judge Robinson:

      In lieu of a formal response on behalf of the Plaintiff to Defendants' Motions in Limine, Plaintiff has the following responses.

      With regards to Defendants' Motion in Limine to Exclude Time Barred Evidence, Plaintiff agrees that for purposes of the Title VII Claims, Plaintiff is limited to a period of 300 days prior to the filing of the charge. What will be of issue is the date the charge was docketed by the Equal Employment Opportunity Commission. The actual docket number is April 22, 2003 and the Defendants' position is that it is June 2003.

      With regards to the 1981 claims against the individual Defendants' Plaintiff would agree that for events prior to December 5, 2001, those events would be barred. Therefore, Plaintiff would agree that Defendants' Dave Dizio and Brett Smith should be dismissed as Defendants.

      With regards to Defendants' Motion to Exclude Evidence of Front and Back Pay, Plaintiff would submit that his damage for Back Pay does include the period from the time he was out of work to the time he took his position with Comcast. Plaintiff in his deposition verified that he actively sought work and that because the market was depressed he was not able to find work and thus started his own business. Additionally, the fact that Mr. Smith was found to be disabled, does not exclude him from being able to work with his limitations, which will be Plaintiff's testimony. Therefore Plaintiff would request that Defendants' Motion be denied.

                                              Respectfully,

                                              /s/Adrian J. Moody

AJM/ncn
Cc: Sheldon Sandler, Esquire