IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RUSSELL PAIGE SMITH,               )
                                   )
          Plaintiff,               )
                                   )
     v.                            )  Civ. No. 06-087-SLR
                                   )
MBNA AMERICA BANK, N.A.,           )
WILLIAM CHRISTIE, BRETT            )
SMITH, DAVE DIZIO, JOHNNI          )
CHURCHMAN and STEPHANIE SOER,      )
                                   )
          Defendants.              )

**MEMORANDUM ORDER**

At Wilmington this 2nd day of March, 2007, having considered
defendants' motions in limine in light of plaintiff's response
and the presentations made at the pretrial conference;

IT IS ORDERED that:

1. Defendants' motion to exclude time-barred evidence (D.I.
37) is granted to the extent that, for purposes of the Title VII
claims, plaintiff is limited to a period of 300 days prior to the
date plaintiff's charge was filed with the EEOC, which date
apparently is still in dispute (plaintiff contends the relevant
date is April 22, 2003, while defendants contend that May 14,
2003 is the critical date). With respect to the 1981 claims
against the individual defendants, events prior to December 5,
2001 are barred. (See D.I. 42)

2. Consistent with the above ruling, Dave Dizio and Brett

Smith are hereby dismissed as defendants from the case.

     3.   Defendants' motion to exclude the Unemployment Insurance Appeals Referee's decision (D.I. 38) is granted.

     4.   Defendants' motion to exclude evidence of front and back pay damages (D.I. 36) is denied, as there are no Third Circuit cases specifically precluding such damages under the extant circumstances and there are issues of fact which should be determined from a trial record.

     5.   Defendants' motion to exclude evidence of uncorroborated statements (D.I. 39) is granted, except to the following extent. After plaintiff has finished testifying, his counsel may make a proffer as to what testimony Stacey Jones Housely would offer if she were allowed to testify.  The court will be in a better position at that time to determine whether her testimony would be of any relevance to the claims evidenced by plaintiff through his testimony.

United States District Judge

2